LeSUEUR, Judge.
As in LeBlanc v. New Orleans Police Department, No. 3786 on the docket of this court, these cases involve facts which are not disputed and which the Civil Service Commission for the City of New Orleans in No. 454 found that the appellants were illegally dismissed and should again be allowed to report for duty, if available.
The question of law presented in this case is exactly the same as in the LeBlanc case and our holding in that case is adopted and applied to the present case.
An additional issue is presented in regard to appellant Thorne concerning the Commission’s ruling on his non-work connected injury and back wages during his convalescence. The Commission’s ruling on that issue was:
“However, the Commission further orders that in view of the non-work connected injury sustained by Appellant Thorne in October, 1968, namely, a leg fracture, that his reinstatement to active duty on the Police Force shall become effective only upon proper certification from the Police Department medical authorities that he is physically fit to resume his duties as a police sergeant, and further, that no back wages shall be due him during the period of his incapacity to work as a policeman as a result of the fracture of his leg.”
The record does not contain any evidence of accrued sick leave and/or accrued vacation time which would normally be available for a Civil Service employee to offset against time absent from duty for a non-work connected injury and still be paid until the accrued time was exhausted, after which he would be placed in a no-pay status. Since there is no evidence in the record on this matter, this part of the appeal is remanded for determination of facts and the taking of evidence along those lines.
For the foregoing reasons, the ruling of the Civil Service Commission of the City of New Orleans is amended to order the case of appellant Thorne remanded to permit the introduction of evidence concerning any accrued benefits which would modify the ruling of the Commission. The remainder of the Commission’s ruling sustaining the appeals of Frederick W. *574 Thorne, Jr. and Eugene J. Eisenmann and ordering that each be reinstated to his former rank effective immediately, if he is available for duty, and that each be reimbursed his respective back wages based upon his base wage for a normal 40-hour week, less all monies which each may have earned, respectively, from other employment or compensation for work performed during the period of his suspension and dismissal to date, is affirmed. Costs of this appeal are to be borne by appellants.
Remanded in part; amended in part, and, as amended, affirmed.
REDMANN, J., dissents with written reasons.