LeSUEUR, Judge.
As in LeBlanc v. New Orleans Police Department, 231 So.2d S68 on the docket of this court, this- case involves facts which are not disputed and which the Civil Service Commission for the City of New Orleans in No. 454-A found the appellant was illegally dismissed and should again be allowed to report for duty, if available.
The question of law presented in this case is exactly the same as in the LeBlanc case, and our holding in that case is adopted and applied in the present case.
Subsequent to the ruling of the Civil Service Commission a petition for authority to be substituted as party-plaintiff in this lawsuit was filed by Bernard K. Oppen-heim, attorney for/and Trustee in the matter of Charlene Grace Parta, wife of/and Terry George Parta, Bankrupts. An order was signed by T. M. Brahney III, the U. S. Referee in Bankruptcy, authorizing and directing Mr. Oppenheim to intervene in this proceeding. Mr. Oppenheim then moved this court to be recognized as a substituted party-plaintiff and an order was signed so substituting him on December 30, 1969.
For the foregoing reasons, the ruling of the Civil Service Commission for the City of New Orleans is amended to substitute Bernard K. Oppenheim, Trustee in the matter of Charlene Grace Parta, wife of/and Terry George Parta, Bankrupts, Nos. 69-1516 and 69-1517 In Bankruptcy, as party-plaintiff and, as amended, said ruling sustaining the appeal of Terry G. Parta and ordering his reinstament to duty at his former rank effective immediately, if available, and further ordering that he be reimbursed for his back wages of his base wage for a normal 40-hour work week, namely $515.00 per month through March 29, 1969, and effective March 30, 1969, $530.00 per month, less all monies received by appellant through employment and compensation for other work performed during his period of suspension and dismissal to date hereof, is affirmed; costs of this appeal are to be borne by appellant.
Amended and, as amended, affirmed.