299 So.2d 825 (1974)
Louis G. HEBBLER, Jr.
v.
NEW ORLEANS FIRE DEPARTMENT.
No. 6293.
Court of Appeal of Louisiana, Fourth Circuit.
July 16, 1974.
Rehearing Denied September 10, 1974.
Writ Granted October 25, 1974.
*826 Robert Glass, New Orleans, for plaintiff-appellant.
Michael A. Starks, Asst. City Atty., for defendant-appellee.
Before SAMUEL, STOULIG and MORIAL, JJ.
STOULIG, Judge.
Plaintiff, Louis G. Hebbler, Jr., who had enjoyed permanent status under civil service as a fire fighter with the defendant, New Orleans Fire Department, was suspended and later dismissed by the latter. On appeal, this court ordered that he be restored to his former position.[1] Plaintiff then sought from the defendant payment of the base, overtime, holiday (computed as overtime) and state supplemental pay withheld during the period of separation. The defendant agreed to pay, and later paid, only the base wages, deducting therefrom the amount earned in other employment during the separation, and refused to pay the other items requested. The matter was submitted to the Civil Service Commission of the City of New Orleans, which concluded the defendant's position was correct. Plaintiff has appealed to this court.
The facts are not in dispute. The parties stipulated the following amounts of pay (other than city base pay) were withheld from appellant during the period of his illegal separation from the Department, March 25, 1971 to June 18, 1973: city overtime pay$2,083.20; city holiday pay$744.60; and state supplemental pay $3,458.00; a total of $6,285.80. The parties also stipulated into the record on appeal a letter from the State Fire Marshal regarding appellant's claim for the state supplemental pay. The letter states the supplemental pay is appropriated annually by the legislature, excess funds are returned at the end of each year, and there are no funds now available to pay appellant.
Two issues are presented for our consideration: (1) whether the overtime, holiday and supplemental pay in suit are "salaries and wages" within the contemplation of R.S. 49:113 and thus pay during the period of illegal separation to which appellant is entitled; and (2) if the answer to the first issue is in the affirmative, whether the Department, rather than the State, is required to pay the state supplemental pay withheld.
The controlling statute, R.S. 49:113, reads:
"Employees in the state or city civil service, who have been illegally discharged from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation." (Emphasis added.)
In denying appellant's request for payment in excess of base pay the Commission relied on two cases handed down by this court, LeBlanc v. New Orleans Police Department, 231 So.2d 568 (1970); and Parta v. New Orleans Police Department, 231 So.2d 574 (1970). Appellee also cites Thorne v. New Orleans Police Department, 231 So.2d 572 (La.App. 4th Cir. 1970). We find none of the three cases is apropos. In each the court did order payment of only the withheld base pay. However, the question of what items are to be considered as a part of "wages and salaries" under R.S. 49:113 was not raised and was not considered by the court.
It is clear the overtime and holiday pay in suit is mandatory, i. e., involving no element of voluntariness. As part of his regular work with the Department, appellant was required to stay on the job the stipulated definite number of hours in excess of *827 the established base period and to work the stipulated number of hours on holidays. The Department was required to use him during those periods and to pay him for the same. If appellant had not been separated from the Department, he would have worked during the mandatory overtime and holiday hours as a matter of right and obligation, and he would have received the overtime compensation therefor. Under these circumstances, we see no difference, other than semantic, between the base pay and the overtime and holiday pay in suit. All three are a part of appellant's regular salary or wages and all three included in the words "salaries and wages" as used in R.S. 49:113.
The Department admits that the extra compensation paid by the State of Louisiana to municipal firemen under R.S. 33:2002, et seq.[2] is a part of appellant's salary or wages within the intendment of R.S. 49:113. However it contends since this supplemental pay is paid by the State that appellant must seek reimbursement of the extra compensation accruing to him during the period of his separation from that source and not from the appellee.
We are of the opinion this contention is well-founded for several reasons. Unquestionably R.S. 49:113 is a remedial statute expressing the legislative intent to make every Civil Service employee whole against any loss of salary or wages for the period of his illegal separation or discharge from Civil Service. It places the obligation upon the employing agency to reimburse the employee for all salaries and wages withheld during this period.
At the time of the adoption of this statute, the legislature did not contemplate that an employee's salary would be funded from two different sources and therefore thrust the obligation of restitution or indemnification upon the employing agency. Were the Department condemned to pay the state supplement to plaintiff, then the character of R.S. 49:113 would be changed from remedial to penal, for then the employing agency would have a greater financial burden or obligation than it would have had had the dismissal of the employee never occurred. The additional financial burden to the employing agency to pay the state supplement would, in essence, be in the nature of an award of monetary damages which the act never contemplated.
This statute explicitly mandates the employing agency to make the employee whole for all wages and salary withheld because of the improper termination of employment. We construe this to mean that the employing agency is responsible only for the benefits under its control which are withheld. Accordingly, we are of the opinion that the employee is entitled to his base pay, compulsory overtime, paid holidays, and a warrant drawn by the mayor pursuant to R.S. 33:2004 attesting to the fact that Louis G. Hebbler, Jr., is entitled to the state supplemental pay for the period from March 25, 1971 through June 18, 1973.
For the reasons assigned, the ruling appealed from is reversed and the Department of Fire, City of New Orleans is ordered to pay to the plaintiff, Louis G. Hebbler, Jr., in addition to the city base pay withheld during the period of his separation, the sum of $2,827.80 (mandatory overtime pay, $2,083.20; mandatory holiday pay, $744.60), against which amounts shall be credited and set off all wages and salaries earned by plaintiff during the period of separation, and to forward a warrant to the State Fire Marshal duly executed in accordance with R.S. 33:2004 in the amount of $3,458.00, being the extra compensation *828 due for the period from March 25, 1971 to June 18, 1973 under R.S. 33:2002.
Reversed and rendered.
SAMUEL, J., dissents with written reasons.
SAMUEL, Judge (dissenting in part).
I agree with the majority's conclusion that the overtime, holiday and supplemental pay in suit are "salaries and wages", within the contemplation of R.S. 49:113 and thus pay during the period of illegal separation to which appellant is entitled. However, I cannot agree with the conclusion that the Department is not required to pay the state supplemental pay withheld. The plain wording of the statute dictates the opposite result.
In pertinent part, R.S. 49:113 provides the illegally discharged employee "shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation" (emphasis mine). Thus, the statute clearly and unequivocally requires that all salaries and wages withheld be paid by the employing agency. Here the supplemental pay is a part of appellant's "salaries and wages" and the employing agency is the Department. It follows that the Department is required to pay the supplemental pay just as it is required to pay the mandatory overtime and holiday pay.
The majority concedes R.S. 49:113 explicitly mandates the employing agency to make the employee whole for all wages and salaries withheld because of the improper termination, i. e., to reimburse the employee for all salaries and wages withheld during the period of illegal separation. Yet, the majority relieves the Department of this obligation on the ground that in adopting R.S. 49:113 the legislature did not contemplate the salary of a fire department employee would be funded from two different sources and therefore did not intend to thrust on the employing agency the obligation of reimbursing amounts due from both sources, a procedure which the majority says would change the character of the statute from remedial to penal.
It appears to me this position is contrary to the mandate contained in Civil Code Article 13. That article provides: "When a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit." In addition, it is immaterial whether R.S. 49:113 is remedial or penal. As the language of the statute is clear and unambiguous, the statutory provisions must be followed regardless of whether the result thus obtained is remedial to penal.
Nor can I find any evidence of what the legislature contemplated regarding the obligation of the employing agency to reimburse amounts due from other sources. Indeed, if we must find some such evidence, the same can more reasonably be said to indicate a result just the opposite of that reached by the majority.
Revised Statute 49:113 was adopted in 1960 and R.S. 33:2002, which authorizes the supplemental pay in suit, was adopted in 1963, only three years later. Thus, when R.S. 33:2002 was adopted the legislature certainly was aware of the fact that R.S. 49:113 required payment by the employing agency of all salaries and wages, regardless of source. It therefore appears to me that if the legislature had intended the employing agency would not be required to pay salaries and wages due from other sources, when R.S. 33:2002 was adopted it would have passed additional legislation changing R.S. 49:113 so as to express that intent.
As I would require the Department to pay appellant not only the overtime and holiday pay in suit, but also the supplemental pay withheld during the period of his separation, I respectfully dissent.
NOTES
[1] Hebbler v. Department of Fire, 279 So.2d 224 (La.App.1973).
[2] R.S. 33:2002 provides for the payment by the State of Louisiana of extra compensation or supplemental pay to regularly employed members of a paid municipal fire department, based upon longevity. Disbursement of the funds shall be made upon warrants drawn by the mayor, to which is attached a detailed list of the names of the employees (§ 2004). After the approval of the warrants, the State Fire Marshal issues and distributes an individual check to each fireman in the respective amounts due them under the statute.