COLE, Judge.
This case concerns plaintiff Kenny W. Martin’s right to collect back pay for the period of separation from his employment with the Baton Rouge City Police Department.
Plaintiff was dismissed on April 10, 1978, from his position as a police officer, due to alleged violations of Sections 301 and 340 of the Police Department Regulations. He appealed his dismissal to the Municipal Fire and Police Civil Service Board (hereinafter referred to as the Board), which found the dismissal to have been illegal and ordered him reinstated with back pay and benefits. The amount due was not fixed by the Board.
The City of Baton Rouge and Police Chief at that time, G.L. Johnston, appealed the decision of the Board to the Nineteenth Judicial District Court. In January of 1981, Honorable Steve A. Alford, Jr., rendered judgment[1] affirming the decision of the Board and dismissed the appeal. Again, the sum due Martin was not set forth in the judgment.
On or about February 6, 1981, plaintiff was instructed to return to work on February 9, 1981. The police department requested information about plaintiff’s outside earnings during the period of separation so the Department could figure the amount of back pay due. Plaintiff refused to provide this information and would not return to work until he received his entire back pay. The Department refused to pay any sums until they obtained the information concerning Martin’s outside earnings.
Plaintiff then filed suit in the Nineteenth Judicial District Court seeking a writ of mandamus directing the City of Baton Rouge and current Police Chief Patrick V. Bonanno to pay back wages of $55,444.50. Defendants answered the suit, alleging the refusal to pay was caused by plaintiff’s *361 failure to provide information concerning his outside wages. Defendants alleged a writ of mandamus was inappropriate because there were discretionary matters involved in the dispute, such as the amount of pay due.
The trial court rendered judgment, ordering Patrick Bonanno, et al. to pay Kenny Martin “[A]ll back wages accruing from April 10, 1978, through March 12, 1981, after deducting therefrom wages earned by plaintiff while employed by Service Painting Company.. . . ” Plaintiff then filed this devolutive appeal.
Plaintiff argues the court erred in ordering his back pay be reduced by his outside wages and, alternatively, that any such set-off should be done on a year by year basis rather than over the entire three year period.
The basis for the court’s ordering the back pay and the setoff is La.R.S. 49:113 which reads as follows:
“Employees in the state or city civil service, who have been illegally discharged from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation.”
Although the statute seems to be so clear as to preclude argument on this issue the appellant insists the statute applies only to situations in which the Board or Commission affirms the employee’s discharge but the appellate court finds the discharge to be illegal. Appellant argues the statute doesn’t apply in the present ease because the Board found the discharge to be illegal. This argument is totally without merit. The right to offset outside wages was challenged in LeBlanc v. New Orleans Police Department, 231 So.2d 568 (La.App. 4th Cir.1970), writ refused 1970. There, as in the present case, the Commission found the employee had been illegally discharged. The court of appeal agreed with that determination and ordered reinstatement, back wages and a setoff for all outside wages. The court traced the development of La. R.S. 49:113 and then applied it to the facts of that case. See also Parta v. New Orleans Police Department, 231 So.2d 574 (La.App. 4th Cir.1970), writ refused 1970.
In a very creative argument, appellant contends because of the phrase “Employees . . . who have been illegally discharged ... as found by the appellate courts ... . ” means the setoff provision cannot apply in this case because no appellate court has decided the discharge was illegal. We point out this interpretation would mean employees whose cases were decided finally by the Board or by the district court would be entitled to full pay without a setoff while those whose cases proceeded to the court of appeal or to the supreme court would be subject to the set-off. This absurd result could hardly have been intended by the legislature. We admit the language of the statute is somewhat inartful, but point out that in this case the district court served as an appellate court. The matter was appealed from the commission to the district court as provided by La.R.S. 33:2501.[2] Therefore, the “appellate court” in fact found the discharge to have been illegal.
We also find no merit in appellant’s argument the setoff should be calculated on a yearly basis rather than based upon the entire period. The statute says “all salaries and wages withheld” should be reimbursed and “all wages and salaries earned” should be used as a setoff. That language would mandate the total wages accrued during the entire period be reduced by the total wages *362 earned during the period. In Hebbler v. New Orleans Fire Department, 310 So.2d 113, (La.1975) the court noted the purpose of La.R.S. 49:113 was to make the employee “whole.” Using the year by year calculation the employee might well enjoy a windfall in that in any one given year he may have earned substantially more in private employment than he would have earned in the police department. For that year there could be no “setoff” at all. The only accurate method to use so that the employee is compensated just as though he had remained in the employ of the department is to subtract the total outside earnings from the total wages due.
Appellees insist mandamus is an inappropriate procedure and therefore the mandamus order should be reversed and the case remanded for a dismissal. They contend mandamus is appropriate only when the matter is a purely ministerial one. In the present case the amount of the wages has not been determined and the appellant is now claiming he is entitled to have certain benefits calculated into the figure, such as overtime, sick leave and retirement.
We need not reach the issue of whether or not mandamus is appropriate in this case. Mandamus is a summary proceeding. La.Code Civ.P. art. 2592. The proper method of opposing its use is to raise the dilatory exception urging the objection of unauthorized use of a summary proceeding. La.Code Civ.P. art. 926(3). The dilatory exception must be raised prior to answer or judgment by default (art. 928), and failure to do so means the exception is waived (art. 926). The record shows no exception was raised. Defendant did object to the use of a mandamus in his answer but this objection was not timely. Further, the trial court, in its written reasons for judgment notes the attorneys “stipulated that the matter could be handled summarily by mandamus. The court had no objection to this procedure.” Therefore, notwithstanding the failure to timely object to the use of mandamus, the appellees are estopped to complain of the mandamus procedure when there had been a stipulation as to its use.
Therefore, we find no error in the court’s issuing a mandamus on this matter. However, we find the relief granted was not specific enough to satisfy either party. Because the judgment was not phrased in terms of the amount due, appellant is now claiming he is entitled to receive certain benefits as part of his back wages. Therefore, we find it necessary to remand this case to the trial court for a hearing and supplemental judgment on the issue of how much money is due appellant. This will be determined from evidence as to what constitutes “salaries and wages” and from evidence showing the amount plaintiff earned in outside employment.
For the foregoing reasons, the judgment of the trial court is affirmed and this case is remanded for further proceedings consistent with this opinion. Costs are to be shared equally by both parties.
AFFIRMED AND REMANDED.

. The suit is entitled City of Baton Rouge, et al. v. Kenny W. Martin, Number 240,033.

. The statute reads in part as follows:
“Any employee under classified service and any appointing authority may appeal from any decision of the board, or from any action taken by the board under the provisions of the Part which is prejudicial to the employee or appointing authority. This appeal shall lie direct to the court of original and unlimited jurisdiction in civil suits of the parish wherein the board is domiciled.”