ALFORD, Judge.
This is an appeal from a decision of the State Civil Service Commission reinstating Officer Charles Bailey to his former position as Police Officer II, serving with permanent status, with the Louisiana State University Police Department. By letter dated March 25,1981, over the signatures of Gary T. Durham (Chief, L.S.U. Police Department), Ralph Gossard (Assistant Vice Chancellor for Student Affairs) and Otis B. Wheeler (Chancellor), appellee was notified that he was terminated from his position effective at the close of business on March 27, 1981. Appellee was charged with unauthorized leave, falsification of leave and departmental records and failure to file reports as required. All of the above charges are alleged to have occurred on March 21, 1981.
A timely notice of appeal was filed by counsel for Officer Bailey on April 24,1981. A public hearing was held on April 15,1982, in Baton Rouge before a referee appointed by the Commission. In an opinion dated August 20, 1982, the State Civil Service Commission reversed the termination, and ordered that appellee be reinstated to his position effective March 28, 1981, with all back pay and emoluments of his position, subject to an offset in favor of appellant for any wages earned during the period from March 28, 1981, until the date he actually returned to work with the L.S.U. Police Department. Additionally, eight hours of annual leave were ordered deducted from appellee’s leave balance, and all details concerning appellee’s termination were to be removed from his record. Appellant was ordered to pay attorney’s fees in the amount of $250.00. Appellant, Louisiana State University, appeals the decision of the Commission.
The following are the facts as found by the Commission.
Appellee reported for duty at 11:00 p.m. on March 19, 1981, and was relieved at approximately 6:30 a.m. on March 20, 1981. He then took care of personal business, went home and got to sleep at approximately noon. At 2:00 p.m., Captain Swain called appellant and asked if he could report for an overtime shift beginning at 3:00 p.m. Appellee agreed to work the extra shift and reported for duty at 2:30 p.m. having had about two hours of sleep. Appellee did not indicate to Captain Swain that he had any concern that he was too tired to work an extra shift.
Sometime during the day on March 20, 1981, Sergeant Taylor, appellee’s immediate *338 supervisor, related to Captain Swain that he had reports that officers on the 11:00 p.m. to 7:00 a.m. shift were not remaining on duty for their complete shift when Sergeant Taylor was not on duty. Captain Swain and Sergeant Taylor agreed that Sergeant Taylor would call in sick that night but would observe the other officers from his personal car and by monitoring radio calls.
Appellee completed the 3:00 to 11:00 p.m. overtime shift and continued on patrol for the beginning of his regularly scheduled 11:00 p.m. to 7:00 a.m. shift. At 10:49 p.m. he filled out a new “Daily Activity Report”. At that time, he entered “0700 — 10-42”, which indicated that at 7:00 a.m., March 21, 1981, he would be off duty at his residence.
At approximately 11:00 p.m., Officer Cuc-cia, the radio operator, contacted appellee and notified him that he had failed to sign in for that shift. Officer Cuccia asked ap-pellee if she could sign in for him. Appellee agreed that she could. Officer Cuccia then signed appellee in, entering 11:00 p.m.; at the same time, she signed him out, entering 7:00 a.m.. Appellee neither requested nor authorized Officer Cuccia to sign him out.
At 11:45 p.m. appellee stopped a vehicle for speeding on Highland Road and an argument ensued between appellee and the driver of the vehicle. Appellee admits that he spoke loudly and used a curse word while addressing the driver of the vehicle. The driver of the vehicle went to the headquarters building and complained about appel-lee’s actions to Officer Smith, acting shift supervisor. At approximately midnight, appellee entered headquarters to fill out a report on the incident and to answer questions raised by the driver’s complaint. Officer Smith noticed that appellee’s eyes were red, that his uniform appeared disheveled and that he was very tired. Officer Smith determined that “for good of the service” appellee should be relieved from duty and told appellee to go home. Appellee left the campus at 2:25 a.m. He did not sign out and did not fill out a leave slip.
Appellee was not subsequently directed to fill out a leave slip and was paid for four and one half hours which he did not work. By memorandum dated November 10, 1980, Chief Durham had informed “All Police Personnel” that any person failing to sign in and out on the daily time sheet would be charged with 8 hours of annual leave.
We note that on appeal, the final decision of the Commission is subject to review on any question of law or fact. La. Const, art. X § 12. However,
“The standards of appellate review of findings of fact in Civil Service Commission cases necessarily must be the same as those which exist with regard to cases arising in trial courts. The reviewing court should not disturb the factual findings of the trier of fact in the absence of manifest error.”
Department of Public Safety, Officer of State Police v. Rigby, 401 So.2d 1017 at 1018 (La.App. 1st Cir.1981), writ denied 406 So.2d 626 (La.1981).
It thus becomes the duty of this Court to determine if the facts, as found by the Commission, are supported by sufficient competent evidence, and if so, whether the facts justify the action taken. Ryder v. Department of Health and Human Resources, 400 So.2d 1123 (La.App. 1st Cir. 1981).
Based on the facts, the Commission concluded that appellant had proved only that Officer Bailey failed to sign out when he went off duty at 2:25 a.m. on March 21, 1981. Therefore, pursuant to the November 10, 1980, memorandum issued by Chief Durham, the Commission determined that appellee should forfeit eight hours of annual leave time. We agree.
Appellant maintains that the Commission erred in concluding that Officer Bailey left his assigned duty with the authorization of a supervising officer. It is, however, undisputed that' Officer Smith, who dismissed appellee before the shift was completed, was, at the time, Acting Shift Supervisor. Chief Durham and Captain Swain testified that they were of the opinion that an officer of Officer Smith’s classification did not have the authority to relieve another officer on duty. We note, however, that Chief *339 Durham testified that the written policy concerning competent authority to relieve personnel was not in clear terms at that time. We see no manifest error in the factual determination reached by the Commission. It should be noted that Officer Bailey was classified as a Police Officer II, whereas Officer Smith was classified as a Police Officer III.
Appellant further maintains that the Commission erred in failing to find that appellee intentionally caused false information to be entered into the official department records in an attempt to receive unwarranted pay. The testimony in the record simply does not support this argument. Appellee admitted that he entered the code, “0700-10-42”, on his daily activity report when the shift began at 11:00 p.m.; however, given that the testimony clearly shows that this report is in no way used for payroll purposes, we fail to see how this indicates an intent to deceive. The testimony reveals that this code merely means that at 7:00 a.m., Officer Bailey would be at home. Additionally, Officer Cuccia testified she asked Officer Bailey’s permission to sign him in on the 11:00 p.m. shift because he was already out on patrol. In addition, she testified that at the same time she signed him in, she signed him out as of 7:00 a.m. without his having asked her to do so and without his knowledge. Again, we see nothing manifestly erroneous in the Commission’s finding.
As to the charge that appellee failed to file a leave request form for the hours between 2:25 a.m. and 7:00 a.m. on March 21, 1981, the Commission reasoned that since appellee was dismissed from duty and did not request a leave, no leave request form was required. We reach the same conclusion. The fact that appellee failed to sign out when he left his assigned duty did, however, subject him to the forfeiture of eight hours of annual leave time.
Appellant has strenuously argued that Officer Smith’s testimony should be given no weight in that he and appellee were part of a conspiracy regarding leaving duty prior to the assigned time. Additionally, appellant maintains that Officer Smith was biased in his testimony due to the fact that he was forced to resign in lieu of termination. We note that appellant had ample opportunity to attack the credibility and bias of the witness on cross examination. We further note that even without Officer Smith’s testimony, appellant was not able to produce any evidence to controvert appellee’s testimony that he was dismissed from duty with the authorization of his acting supervisor.
In answer to this appeal, appellee maintains that the Commission erred in only awarding attorney’s fees in the amount of Two Hundred and Fifty dollars ($250.00). Appellee’s attorney testified that he spent some twenty-one hours working on the case and usually charges sixty dollars an hour on such cases. Appellee is clearly entitled to a reasonable attorney fee by virtue of LSA-R.S. 42:1451. We are of the opinion that a reasonable attorney fee in this case is Five Hundred ($500.00) Dollars, and therefore amend the judgment to this extent.
Appellee further maintains that the offset provided in the judgment, in favor of appellant for any wages earned during the period from March 28, 1981, until the date appellee actually returns to work with the L.S.U. Police Department, should be an offset only for money earned from private employment. Although we agree that LSA-R.S. 49:113 does use the private employment language, we are of the opinion that this means wages and salaries received from other work performed during the period of dismissal. Parta v. New Orleans Police Department, 231 So.2d 574 (La.App. 4th Cir.1970), writ refused, 255 La. 914, 233 So.2d 563 (La.1970).
Therefore, for the foregoing reasons the decision of the State Civil Service Commission is amended in respect to the amount of attorney’s fees and affirmed in all other respects.
AMENDED AND AFFIRMED.