L GUIDRY, J.,
concurring in part and dissenting in part.
Because I am of the opinion that the provisions governing this matter must be applied as written, as more fully discussed below, I respectfully concur with the majority to the extent that appellant is awarded one-third of her back pay with interest and respectfully dissent from the majority’s failure to award appellant the remaining two-thirds of her back pay plus interest.
Pursuant to Civil Service Rule 13.38(a), an employee who successfully appeals his or her termination
shall present himself ready for work at the time and place of his employment as it existed prior to the separation, shall be returned by the appointing authority to the regular payroll at that time, and shall, at that time or as soon thereafter as possible, present to his employer satisfactory proof of all wages earned and unemployment compensation received, if any, during the period of Appellant’s separation, or, if no wages or unemploy *280 ment compensation have been so received, Appellant shall present a written and signed statement to that effect to his employer upon his return.
Within fifteen (15) days after the appointing authority receives this information, the appointing authority shall request the actual disbursement of the funds representing the back pay due and such disbursement shall be promptly disbursed. La. R.S. 49:113 provides:
^Employees in the state or city civil service, who have been illegally discharged from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation.
The case law interpreting this particular provision is limited at best. However, the jurisprudence, which involves cases with similar issues, leads me to the conclusion that appellant’s argument has merit, and dictates a reversal of the Commission’s decision.
As previously articulated by this court, The legislative intent with respect to the employing agency’s ability to credit the amount of back pay owed by the amount of earnings from private employment during the interim is evident from the language in La.R.S. 49:113. The intent is simply to put the employee in the same position he would have been in had he not been illegally terminated. Pursuant to the terms of the statute, an employee has the right to be compensated just as though he had remained in the employ of the department. However, the employee is not entitled to reap the benefits of wages earned from private employment during the interim in addition to the entire back pay amount. The statute mandates that the employing agency shall set-off the amount of back pay by the employee’s total outside earnings from private employment during the interim.
Ceaser v. State Department of Public Safety and Corrections, 583 So.2d 145, 147 (La.App. 1st Cir.1991) (footnotes omitted) (emphasis added). This court briefly discussed La.R.S. 49:113 in Louisiana State University v. Bailey, 432 So.2d 336 (La.App. 1st Cir.1983), and stated that although the statute refers specifically to private employment, this means “wages and salaries received from other work performed during the period of dismissal.” Bailey, 432 So.2d at 339 (emphasis added).
The Fourth Circuit also dealt with a similar issue of whether the offset against back pay applies to unemployment compensation in Alongi v. Department of Police, 480 So.2d 1001 (La.App. 4th Cir.1985), writ denied, 481 So.2d 1351 (La.1986). While recognizing the legislative intent of making the employee whole, the court determined that the statute should be interpreted to mean what it says. The set off only applies to wages earned from employment and does not apply to compensation benefits received. Alongi, 480 So.2d at 1002-03.
Although the present case involves workers’ compensation benefits and the cases cited involved unemployment compensation, I opine that the same reasoning applies. The set off only applies to “wages and salaries earned by the employee ... in the period of separation.” Thus, because the compensation benefits received by appellant do not meet this definition, the set off should not apply.