WATKINS, Judge.
Blaz Z. Toups, an employee who worked as Police Officer I in the security department of the South Louisiana Medical Center (SLMC), was discharged from his employment at that hospital by the appointing authority, the State Department of Health and Human Resources (DHHR), by letter of termination dated July 1, 1982. Mr. Toups appealed to the Civil Service Commission (Commission), which ordered that he be reinstated, and awarded $250.00 as attorney’s fees. Both the DHHR and Toups appealed. We affirm the reinstatement of the discharged employee, and increase the amount awarded as attorney’s fees to $1,000.00.
Blaz Z. Toups was hired as Police Officer I at the SLMC in 1979 but was terminated from his position by letter of termination dated September 26, 1980, because he *1127 worked for the National Guard during the day and was consequently able to work in his employment at the SLMC only at night. That fact was known to the appointing authority when Toups was hired, and, in fact, before his termination on September 26, 1980, Toups secured approval of the DHHR before reenlisting in the National Guard, again with the understanding that he would work at the SLMC only at night.
After a full hearing of a prior appeal of Toups concerning the prior discharge, the Commission ordered on May 21, 1982, that Toups be reinstated to his former position on the night shift. Toups was permitted by the appointing authority to work the night shift only one night after the ordered reinstatement (on the night of June 23-24, 1982), and then was ordered to work the day shift, which he secured the permission of his supervisors in the National Guard to do for one day, June 24, 1982. On the following day, June 25, 1982, Toups was unable to report for work during the day shift as he had drill. The same was true of the next day, June 27, and Toups likewise failed to report for work during the day shift on following days. On July 1, 1982, the letter of termination from which the present appeal is taken was sent to Toups.
At the hearing before the Commission, the DHHR first moved for summary disposition, on the ground that Toups admitted the letter of termination dated July 1, 1982, was correct in its assertion that Toups failed to report for duty. However, the Commission properly noted that Toups might have had a valid reason not to report to work during the day shift, as he in fact did. Summary disposition was properly denied.
At the hearing, the DHHR next sought to delve into the events that took place before the issuance of the first opinion of the Commission, which was dated May 21, 1982. The Commission ruled testimony of that nature irrelevant and, hence, inadmissible. This ruling is correct. The DHHR failed to appeal the Commission’s opinion of May 21, 1982, and thereby permitted that holding to become final. Furthermore, the questions sought to challenge the correctness of findings of fact made by the Commission in a separate proceeding in which no appeal was taken. The findings of the Commission made after the prior hearing were final, as no appeal was taken to the First Circuit Court of Appeal, timely or otherwise. The matter was properly held not susceptible of being reopened.
The Commission correctly noted that the DHHR by permitting Toups to work the night shift only one night acted in flagrant disregard of the Commission’s order of May 21, 1982, which directed that Toups be reinstated to his former position working the night shift. Such direct disregard of a ruling of the State Civil Service Commission deprives the Commission of its powers, and thus its functions, and cannot be countenanced. We annex with approval the opinion of the Commission dated March 18, 1983, which properly indicated disapproval of the action of the appointing authority, and ordered Toups reinstated for the second time.
The DHHR contends that it is free under Rule 8.16(b) of the Commission to change the work hours of any employee at will. That rule reads as follows:
“(b) Change in Hours of Work
An appointing authority may at his discretion and in the best interest of his department’s program change the hours of work of any employee if no change in his class of (sic) position is affected.”
However, the final ruling of the Commission dated May 21, 1982, from which the DHHR did not appeal, ordered that Toups be reinstated to the night shift. As that opinion is final, the applicability of Rule 8.16(b) may not be reurged. Furthermore, the evidence taken at the hearing resulting in that opinion from which the DHHR now appeals showed unequivocally that Toups was hired as Police Officer I with full knowledge and consent of the appointing authority that he work only the night shift. It is far too late for the DHHR to complain.
With respect to attorney’s fees, LSA-R.S. 42:1451 permits the award of reasonable attorney’s fees incurred by the em *1128 ployee in the appeal by the employee to the State Civil Service Commission if the action of the appointing authority is overruled and the appointing authority is found to have acted unreasonably. Rule 13.35 of the Commission limits the award of attorney’s fees to be paid by an appellee to the Commission to $500.00. The two rules are to some extent in conflict. For purposes of the present case, we elect to follow the statute, in view of the magnitude of legal work involved in the present case. Consequently, we award Blaz Z. Toups attorney’s fees in the sum of $1,000.00.
The opinion of the State Civil Service Commission is amended to award Blaz Z. Toups the sum of $1,000.00 attorney’s fees, and, as thus amended, the opinion is affirmed.
AMENDED AND AFFIRMED.
[[Image here]]
*1129 [[Image here]]
STATEMENT OF THE APPEAL
Appellant was employed by the Department of Health and Human Resources as a Police Officer I at South Louisiana Medical Center and was serving with permanent status.
By Commission opinion filed May 21, 1982, appellant was reinstated to his position as Police Officer I from which he had been terminated on September 26, 1980. The Commission further ordered that he be reinstated to his former position on the night shift.
By letter dated July 1, 1982, over the signature of Charles H. Oliver, Hospital Director, appellant was advised that he would be terminated from his employment effective at 4:30 p.m. on that date. As reason for this action, appellant was charged with refusing to report to his scheduled duty as ordered. The letter further states that by letter dated June 16, 1982, appellant was ordered to return to work on June 21, 1982 at 8:00 a.m., but by letter dated June 22, 1982, appellant indicated that he had not received the June 16, 1982 letter. By letter dated June 24, 1982, from appellant’s attorney, the Hospital was advised that appellant would report to the personnel officer at 8:00 a.m. on June 23, 1982 “for the sole purpose of establishing a date and time for an orientation meeting.” At that meeting, appellant was instructed by Lieutenant Roddy to report to work that night at 10:30 p.m. to serve on the night shift. On June 24, 1982, Lieutenant Roddy then instructed appellant to report to work on the rotating shift which would be his permanently assigned shift. That particular shift was working days through July 4, 1982 and then would revert to the night shift. Appellant appeared for work at 6:15 a.m. on June 25, 1982, as ordered; however, he failed to report to duty on June 26, 27, 28, 29 and 30, 1982. Appellant called in each morning to advise that he was working with the National Guard, but was told by his shift supervisor that the time being taken off was unauthorized. On June 30, 1982, a letter from the Hospital Director was delivered to appellant at the National Guard Armory where he was working, advising him that any further unauthorized absences would severely jeopardize his position. On July 1, 1982, appellant again telephoned that he could not report for work as scheduled.
On July 30, 1982, appellant filed a notice of appeal, through counsel, complaining of his termination. As the basis for appeal, appellant alleges that immediately upon being reinstated, appellant’s working shift was changed from the night shift to the day shift and he was not permitted to work a single night shift as ordered by the Commission. Appellant also alleges that he is employed by the Louisiana National Guard during the hours which constitute the day shift and prior to his suspension in 1980, he did not work the day shift. The letter further alleges that the change in shift was intended to force appellant to absent himself from his employment at the Medical Center, and thus justify his termination. As relief, appellant seeks reinstatement with full back pay and all other emoluments of his position. Appellant also re *1130 quests assignment of reasonable attorney fees.
On January 17,1983, counsel for appellee filed a Request for Summary Disposition on the ground that because appellant failed to deny the charges against him, there were not material facts in dispute, and therefore, the appeal is moot and appellant had no right to appeal.
A public hearing on the merits was held before the Commission in New Orleans on January 18, 1983. Argument on the Request for Summary Disposition was presented at the outset of the hearing and the Request for Summary Disposition was denied. Based upon the testimony received and evidence presented, the Commission makes the following findings.
FINDINGS OF FACT
1. Charles H. Oliver, Hospital Administrator and Director of South Louisiana Medical Center in Houma, and Paul Roddy, Shift Commander at the Hospital were both aware that this Commission ordered the appellant to be reinstated to his former position of Police Officer I, and to be placed on the night shift. The reasons for the Commission’s findings in this previous order have not changed and both of these administrators at the Hospital were aware of the Commission’s order and findings. The Commission’s opinion had been issued on May 21, 1982.
2. On June 23, 1982, appellant was put back to work for one night only on the night shift. The very next day, appellant was instructed by Lieutenant Roddy to report to the shift of Shirley Thompson, which would be a rotating shift and would originally be working days.
3. Appellant advised both Lieutenant Roddy and Mr. Oliver that he was under a signed contract working full time during the day at the National Guard as he had been before his previous appeal, which eventuated in this Commission’s order dated May 21, 1982.
4.When appellant was unable to comply with his transfer to his day shift, he was terminated effective July 1, 1982.
CONCLUSIONS OF LAW
The appointing authority has not attempted to comply with the previous opinion issued by this Commission. This Commission orders, therefore, that appellant be reinstated with all back pay from the date of July 1, 1982 through the date of the issuance of this opinion, and that he be reinstated and assigned to the night shift at the Hospital as previously ordered by the Commission in the May 21, 1982 opinion. The appointing authority shall be bound by this opinion to maintain appellant on the night shift so long as this particular contract with appellant declares that he has signed with the National Guard is in effect. Appellant is ordered to produce a copy of the contract now in existence for the appointing authority’s examination upon his return to duty at the Hospital. At the expiration of the present contract with the National Guard, then the appointing authority is released from the requirements to maintain appellant on night shift and appellant, at that time, must make a choice of which job he prefers to maintain if the hours of duty are in conflict.
Due to the flagrant disregard by the appointing authority, the Commission orders that appellant be awarded attorney’s fees in the amount of $250.00, in addition to the back pay. The appointing authority is allowed to offset any other wages earned by appellant since his termination during the evening shift hours.
s/ James R. Smith James R. Smith, Chairman
s/ Watson S. Finister, Jr. Watson S. Finister, Jr., Vice-Chairman
s/ A.J. Capritto A.J. Capritto, Member
s/ David D. Duggins David D. Duggins, Member
*1131 Commissioner Edwin C. Harbuck concurs with the opinion but would have declined the award of attorney fees. Commissioner Marshall J. Ryals dissents from the majority opinion without assigning reasons. Commissioner James A. Smith was absent and does not participate.