451 So.2d 1282 (1984)
David S. CARR
v.
STATE of Louisiana Through the DEPARTMENT OF HEALTH AND HUMAN RESOURCES, et al.
No. 83 CA 0785.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
Jack N. Rogers, Baton Rouge, for plaintiff-appellant David S. Carr.
Charles E. Daspit, Dept. of Health and Human Resources, Baton Rouge, for defendants-appellees State of Louisiana Through Department of Health and Human Resources, et al.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
LOTTINGER, Judge.
Plaintiff required hospitalization for a mental disorder. Suitable facilities were not available in Louisiana, therefore plaintiff was sent to Dallas, Texas for treatment and hospitalization. A claim was made for reimbursement of the expenses of treatment with the Department of Health and Human Resources. The claim was pursued through administrative channels after DHHR denied the claim. Because plaintiff was unsuccessful in his claim via administrative remedies, suit was filed in district court to review the DHHR decision. In this suit plaintiff requested the expenses for treatment and legal interest from date of judicial demand. Judgment was rendered in plaintiff's favor in the amount of $91,877.06, but, the trial court refused to grant the request for legal interest reasoning that in the absence of statutory authority *1283 the state is not liable to plaintiff for legal interest.
This appeal followed. Plaintiff asserts a single assignment of error arguing that the trial court erred in denying legal interest on the judgment.
Plaintiff principally argues that based on Article 12, Section 10, La. Const. (1974), the state is no longer immune from suit and is therefore liable for any legal interest due on a judgment rendered adversely against the state as a defendant.
Defendant argues that it is well known that the state is not generally liable for interest unless specifically allowed for by agreement or granted by statute. Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627 (1943).
Plaintiff cites the decisions in Southern Construction Company v. Housing Authority of City of Opelousas, 250 La. 569, 197 So.2d 628 (1967) and Pittman Construction Company v. Housing Authority of New Orleans, 169 So.2d 122 (La.App. 4th Cir.1964), writ denied 247 La. 343, 170 So.2d 865, as support for imposing the payment of interest against the state or its' agency.
In Pittman, plaintiff sued the Housing Authority of New Orleans under a building contract. Plaintiff contended that the rule that the state is not liable for interest unless specifically agreed to by agreement as granted by statute was abrogated by the 1960 amendment to Article 3, Section 35 of the Louisiana Constitution of 1921. The amendment read in part:
Section 35. The legislature is empowered to waive, by special or general laws or resolutions, the immunity from suit and from liability of the state, and of... political subdivisions, public boards... corporations, agencies and authorities and other public or governmental bodies; and each authorization by the legislature for suit against the state or other such public body, heretofore and hereafter enacted or granted, shall be construed to be and shall be effective and valid for all purposes, as of and from the date thereof, as a waiver of the defendant's immunity both from suit and from liability. (emphasis added)
The statute which created housing authorities provided specifically that an authority could "sue and be sued." The court stated that the 1960 amendment in effect placed the Housing Authority in the same position as any private litigant with respect to the payment of interest, and therefore ordered the Housing Authority to pay legal interest as demanded.
In the Southern case, suit was also brought based on the balance due under a construction contract together with interest and court costs. In granting plaintiff interest and costs the Supreme Court reasoned that the 1960 amendment to Article 3, Section 35 operated as a waiver of immunity from liability for interest and costs citing with approval the Pittman case.
La.R.S. 36:251 provides that DHHR can "sue and be sued."
The principles of Article 3, Section 35, of the Louisiana Constitution of 1921 are fully incorporated into Article 12, Section 10 of the 1974 Constitution. Article 12, Section 10(A) reads as follows:
Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property. (emphasis added)
Pursuant to the enactment of Article 12, Section 10, the state not only waives immunity from suit, but also immunity from liability which includes legal interest.
Therefore, for the above and foregoing reasons the judgment of the trial court insofar as it denied judicial interest is reversed, and it is now ordered that judicial interest be awarded plaintiff-appellant from date of judicial demand until paid. All costs are assessed against DHHR in the amount of $1,230.03.
REVERSED AND RENDERED.