480 So.2d 1001 (1985)
Russell ALONGI
v.
DEPARTMENT OF POLICE.
No. CA-3592.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1985.
Writ Denied February 7, 1986.
*1002 Harold D. Marchand, Asst. City Atty., New Orleans, for defendant/appellee.
Alan B. Tusa, New Orleans, for plaintiff/appellant.
Before SCHOTT, LOBRANO and WILLIAMS, JJ.
LOBRANO, Judge.
Russell J. Alongi, a police officer with the New Orleans Police Department, was dismissed from his employment on October 28, 1982. He appealed to the Civil Service Commission which upheld the department's decision. This Court reversed the Civil Service ruling and remanded for a determination of back wages. Alongi v. Dept. of Police, 452 So.2d 798 (La.App. 4th Cir. 1984).
On remand back pay was awarded effective January 1, 1983. Upon further inquiry from the Department, however, the Civil Service Commission issued a supplemental opinion which stated that back pay did not include any overtime consideration or compensation for paid details.
On rehearing, the Commission specifically ruled that back pay does not include overtime pay for Mardi Gras or shift differential pay. Additionally Alongi's back pay award was reduced by the amount of unemployment compensation he received.
Alongi appeals that decision arguing to this Court that mandatory overtime and shift differential pay should be included in his back pay award. Although not argued in brief, in oral argument he also asserts his right to the supplemental pay funded by the State. See La. R.S. 33:2218.1, et seq.
The thrust of the city's argument is that the items of back pay sought by Alongi are too speculative, and therefore not readily discernable.
La. R.S. 49:113 provides:
"Employees in the state or city civil service, who have been illegally discharged from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency on all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation."
In deciding what constitutes "wages and salaries" within the meaning of the above cited statute this Court, in Hebbler v. New Orleans Fire Department, 299 So.2d 825 (La.App. 4th Cir.1974), affirmed in part, reversed in part, 310 So.2d 113, held that phrase to mean overtime and holiday pay that was mandatory. The Supreme Court granted certiorari, and included state supplemental pay as part of "wages and salaries". Hebbler v. New Orleans Fire Department, 310 So.2d 113 (La.1975).
Although Hebbler dealt with a wrongfully discharged fireman, the rationale of that case is applicable to Alongi's predicament. Whatever pay Alongi was entitled to receive had he not been discharged, he is entitled to as back pay because of his illegal discharge. See, Williams v. City of West Monroe, 403 So.2d 842 (La.App. 2nd Cir.1981).
La. R.S. 49:113 allows a set off for wages and salaries earned by the employee in private employment during his period of separation. The city argues it should receive a credit for unemployment compensation received by Alongi. We disagree. Although it can be argued that the legislative purpose of the statute is to make an employee whole, we interpret it to mean what *1003 it says, that is "earned from private employment".
Finally, Alongi argues that because the city was in bad faith, they should be cast for penalties, interest and attorney fees. No authority is cited to support this argument. To the contrary, Boucher v. Doyal, 210 So.2d 75 (La.App. 1st Cir.1968), writ denied 252 La. 160, 214 So.2d 160, disallowed a request for interest.
The record does not contain any evidence as to what constitutes mandatory overtime or shift differential pay, nor is it clear whether an evidentiary hearing concerning those items took place. Although Alongi argues that Mardi Gras overtime is mandatory, we have no evidence before us to substantiate that assertion.
Accordingly we reverse and remand to the Civil Service Commission for a hearing to determine Alongi's entitlement to back pay consistent with the pronouncements of this opinion.
REVERSED AND REMANDED.
WILLIAMS, J., concurs with reasons.
WILLIAMS, Judge, concurring.
I am of the opinion that the legislative intent in enacting La.R.S. 49:113 is to make an illegally discharged employee "whole," but not unjustly enriched by receiving more compensation than he would have had if he had remained in state or city employ. The limited language of the statute unfortunately requires us to ignore any unemployment compensation received by the employee, which seems to be contradictory to the apparent intent of the legislation.