LOTTINGER, Judge.
Sheila S. Ceaser initially filed suit against the State of Louisiana, Department of Public Safety and Corrections, Work Training Facility (Department) for illegal termination of her employment as a Practical Nurse II at the Work Training Facility of the Department. The Civil Service Commission upheld the Department’s termination decision.
On appeal to this court, No. 82 CA 0601, we reversed the Commission’s decision and ordered that Ms. Ceaser be reinstated with back pay and retention of all ancillary benefits and status on April 5, 1983. The unpublished opinion made no mention the Department’s right to credit or set-off the amount of wages earned during the period of separation.
The Department then reinstated the plaintiff with back pay for the time she was out reduced by the compensation she had received during the period of her illegal termination. As a result of the Department’s refusal to pay Ms. Ceaser the entire amount of her back pay without regard to any set-offs, she filed a petition for a writ of mandamus and rule to show cause in the Nineteenth Judicial District Court. The Department filed various exception including the declinatory exception raising the objection of lack of subject matter jurisdiction. This objection was overruled by the district court.
FINDINGS OF THE TRIAL COURT
The district court ordered strict compliance with the earlier opinion of this court ordering reinstatement with back pay. The court recognized that La.R.S. 49:113 allows for the set-off of wages earned from private employment by the illegally terminated employee. The trial court stated that the right to set-off is not automatic. In the absence of a provision in the judgment pertaining to this right, the Department should have applied for rehearing or applied for writs to the supreme court.
“This court might find the judgment in-advertely (sic) omitted the offset and amend or modify the judgment to permit the offset. Procedurally this court does not have jurisdiction nor authority to alter the judgments of the Court of Appeal.”
Reasons for judgment by the trial court. Since the judgment does not authorize the set-off for the amount of wages earned from private employment, the trial court found that the Department unlawfully withheld that portion of back pay that is attributable to wages earned by the plaintiff during the interim. The Department was ordered to pay this amount, $20,472.94.
ASSIGNMENTS OF ERROR
The Department contends that the trial court erred in overruling its declinatory exception of lack of subject matter jurisdic *147 tion and in finding that La.R.S. 49:113 is inapplicable to the prior judgment since this court did not specifically provide for a set-off of wages earned during the interim.
I
Without reasons, the trial court overruled the Department’s exception of subject matter jurisdiction. The plaintiffs petition for writ of mandamus arises out of a dispute between a civil service employer and a civil service employee. This dispute pertains to the Department’s refusal to pay the set-off amount.
La. Const, art. 10, § 10 provides in part that
Each commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, ... employment conditions, compensation and disbursements to employees, and other personnel matters and transactions^]
La. Const, art. 10, § 12 provides that exclusive jurisdiction over removal and disciplinary proceedings rests with the State Civil Service Commission. This case does not specifically involve a removal or disciplinary proceeding. Therefore, the exclusive jurisdiction provision of La. Const, art. 10, § 12 does not apply per se.
The primary issue in this writ of mandamus is the Department’s right to offset the wages earned during the interim against the back compensation owed to its employee. Therefore, the basis for exclusive jurisdiction must be derived from the powers granted to the State Civil Service Commission under La. Const, art. 10, § 10. This court in Strickland v. Office of the Governor, 525 So.2d 740, 743 (La.App. 1st Cir.), writ granted, writ dismissed as moot, 534 So.2d 956 (La.1988) found that “article X of the constitution evidences an intention to grant exclusive jurisdiction to the Commission in those areas where the Commission has exercised its ‘broad and general rule-making’ power.” The State Civil Service Commission pursuant to the ruling in Strickland would have exclusive jurisdiction over this dispute between a civil service employer and its employee over compensation and disbursement matters. Therefore, the district court was without subject matter jurisdiction and was without authority to proceed with a trial on the merits.
II
The legislative intent with respect to the employing agency’s ability to credit the amount of back pay owed by the amount of earnings from private employment during the interim is evident from the language used in La.R.S. 49:113.[1] The intent is simply to put the employee in the same position he would have been in had he not been illegally terminated. Pursuant to the terms of the statute, an employee has the right to be compensated just as though he had remained in the employ of the department. However, the employee is not entitled to reap the benefits of wages earned from private employment during the interim in addition to the entire back pay amount. The statute mandates that the employing agency shall set-off the amount of back pay by the employee’s total outside earnings from private employment[2] during the interim.
In Higgins v. Louisiana State Penitentiary Department of Institutions, 245 La.1009, 162 So.2d 343, 345 (1964), the employing agency applied for writs to the supreme court on the issue of whether the appellate *148 court erred in failing to order the right of set-off in its judgment ordering reinstatement with back pay. The supreme court recognized that the absence of such a provision was a mere oversight. The supreme court simply amended the judgment to comport with the mandatory provision of La.R.S. 49:113 thereby permitting the right of set-off.
The law clearly provides that an illegally terminated civil service employee is entitled to back pay less set-offs. It is unnecessary for a judgment ordering reinstatement with back pay to include a set-off provision. In the absence of such a set-off provision, the mandates of the statutory law will govern.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed, and there is judgment dismissing plaintiffs suit at her costs.
REVERSED AND RENDERED.

. La.R.S. 49:113 provides:
Employees in the state or city civil service, who have been illegally discharged from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation. (emphasis added)

. We wish to note that set-off is only allowed for wages and salaries earned from private employment. An employing agency is not allowed to take a credit for the amount of unemployment compensation received. Alongi v. Department of Police, 480 So.2d 1001, 1002 (La.App. 4th Cir.1985), writ denied, 481 So.2d 1351 (La.1986).