590 So.2d 1313 (1991)
James A. BAKER
v.
SOUTHERN UNIVERSITY.
James A. BAKER
v.
SOUTHERN UNIVERSITY.
Nos. CA 90 1797, CA 90 1798.
Court of Appeal of Louisiana, First Circuit.
November 22, 1991.
*1314 Fernin F. Eaton, Baton Rouge, for appellant.
J. Marvin Montgomery, Asst. Atty. Gen., Dept. of Justice, Baton Rouge, for appellee.
Robert R. Boland, Jr., Civil Service Gen. Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall Director, Dept. of State Civil Service.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
This is an appeal from a ruling of the Civil Service Commission.
On January 27, 1989, appellant was terminated from his job as a custodial worker with Southern University A & M College (Southern) effective February 13, 1989. Appellant appealed to the Louisiana Civil Service Commission (Commission). A hearing on this appeal was started on June 29, 1989 and was carried over until September 20, 1989. At that time the parties submitted *1315 a proposed partial settlement which was approved by the Referee on September 22, 1989. The settlement contained the following stipulations:
1) Southern would rescind the termination and reinstate appellant with benefits and back pay subject to a set-off for unemployment compensation benefits received by appellant during the termination. Appellant reserved the right to contest the set-off.
2) Southern would pay $500 attorney fees, the maximum allowed by Civil Service rule. Appellant reserved the right to contest the amount of attorney fees.
3) The parties agreed to submit to the Referee the issue of interest on each due payment of back wages and the award of reasonable attorney fees in excess of the $500 limit set by Civil Service rule.
Pursuant to the settlement appellant was reinstated on October 2, 1989, as of 12:01 a.m. On September 26, 1989, appellant was notified that termination was contemplated as of October 2, 1989, and was given the opportunity to state his case. On October 2, 1989, appellant was again terminated.
On October 20, 1989, appellant filed a pleading with the Commissioner entitled "Motion for Contempt, Attorney Fees, Investigation and Appeal". In this pleading appellant asked the Commission to investigate Southern, its President, Dr. Delores Spikes and its Director of Personnel, Thurman Butler. This petition was docketed as a new appeal and as a request for investigation under Civil Service Rule 16.6.
A hearing on the issues remaining to be litigated from the prior termination and settlement was set for February 6, 1990. A hearing was held on that date and the Commissioner made the following determinations:
1) Unemployment Compensation received by appellant during the first termination would be set-off against each back payment ordered paid.
2) Attorney fees in excess of $500 would not be assessed.
3) Interest on each back payment would be disallowed because the jurisdiction of the Commission does not extend to the ancillary issue of interest since resolution of the issue requires an interpretation of constitutional provisions and statutes.
Appellant appeals asserting as error the above three rulings. In addition appellant cites as error a failure to enforce the settlement by not requiring Southern to return appellant to duty, and failure to provide appellant with "reasonable, fair access to hearing and due process".

RETURNING APPELLANT TO DUTY, FAIR ACCESS AND DUE PROCESS
Appellant's contention that he was denied fair access to a hearing and due process seems to be based on his contention that the original termination appeal had been referred to a Referee, the settlement was entered into before the Referee and the Referee should decide the three outstanding issues prior to a determination by the Commission.
The three primary questions raised in this appeal; setoff of unemployment compensation benefits, attorney fees and interest on back payments are questions which require no further evidence.
The Commission "may appoint a referee ... to take testimony, hear, and decide removal and disciplinary cases. The decision of a referee is subject to review by the Commission on any question of law or fact," on timely application. La. Const. Art. 10, Sec. 12(A). The Commission is not required to appoint a referee. Once appointed, it was within the prerogative of the Commission to determine that it needed no additional facts and consequently had no further need to order additional hearings by the Referee. Our review of the record further reveals that the Commission was not in error in determining that it need take no further evidence. The only issue raised in this appeal by the issues reserved in the settlement which is not solely a question of law is the allegation that petitioner was not reinstated before being terminated *1316 in accordance with the settlement. On this point the Commission held:
At the hearing of this matter, counsel for appellant stated that he was not arguing that appellee could not re-terminate appellant for the same reasons used to support the original termination. Counsel argued, however, that an employer should not be able to cut its losses by only reinstating an employee on paper before re-terminating him. The Commission disagrees. If a termination is reversed or rescinded due to procedural defects, the employer can re-use the same conduct to support a subsequent termination. To effectuate the recision of the initial termination, the agency must reinstate the employee on paper as though the original termination had not occurred and the agency must pay the employee his salary between the effective date of the original termination and the effective date of the second termination. Before re-terminating the employee, the agency must provide the employee with the required due process; however, the Commission concludes that an employer is generally under no obligation to allow an employee who is to be re-terminated to resume his regular duties.
We find no error in the conclusion of the Commission and see no reason to ascertain additional facts.

ATTORNEY FEES
Civil Service Rule 13:35 provided at the time of the hearing as follows:
When the Commission or a referee reverses or modifies the action taken by an appellee in a Civil Service appeal or when the Commission approves a settlement of an appeal pursuant to Rule 13:31, or when the Commission approves a recision of the disciplinary action pursuant to Rule 15:10(C), the appellee may be ordered to pay an amount not to exceed five hundred dollars as attorney's fees.
La.R.S. 42:1451 reads:
In an appeal under Article X, Section 8 of the constitution by an employee in the classified state civil service to overturn any action by the department or agency employing him in which the decision to take the action is overruled and such decision is found to be unreasonable, the Civil Service Commission shall order the department or agency to pay reasonable attorneys' fees incurred by the employee in appealing the action.
The Court has considered the constitutionality of La.R.S. 42:1451 and found it to be an unconstitutional infringement on the exclusive power granted the Civil Service Commission under La. Const. art. 10, Sec. 10(A). Johnson v. Southern University, 551 So.2d 1348 (La.App. 1st Cir.1988), writ denied, 553 So.2d 475 (La.1989); Department of Health and Human Resources v. Toups, on rehearing, 451 So.2d 1126 (La. App. 1st Cir.), writ denied, 457 So.2d 12 (La.1984); Appeal of Brisset, 436 So.2d 654 (La.App. 1st Cir.1983), writ denied, 441 So.2d 749 (La.1983). We see no reason to reconsider this holding. Attorney fees were properly granted under Civil Service Rule 13:35. Johnson, 551 So.2d at 1349. We note that Rule 13:35 now allows up to $1500 in attorney fees. However, when the Commission determined this matter the amount allowed was $500. Consequently, the award of that amount was correct.

SET-OFF FOR UNEMPLOYMENT COMPENSATION
Civil Service Rule 13:28(C) provides:
If the Commission after any hearing orders a dismissed or suspended employee reinstated, it may reinstate such employee under such conditions as it deems proper and subject to Rule 13:18 may order full pay for lost time.
Citing this rule we held that the Commission may reinstate a wrongfully dismissed employee subject to conditions it deems proper, and it is appropriate to off-set wages and retirement benefits from a reinstatement of back pay. Westrope v. Department of Health and Human Resources, 489 So.2d 1024 (La.App. 1st Cir. 1986). We specifically approved the Commission's off-set of unemployment compensation against back pay in Dept. of Health *1317 and Human Resources v. Payton, 498 So.2d 181 (La.App. 1st Cir.1986).
Appellant argues that the set-off provided for by La.R.S. 49:113 is unconstitutional as an interference with the rule making authority by the Commission. However, as pointed out above, the Commission relied on its own rule in making the set-off. They did not defer to the legislative mandate of La.R.S. 49:113. That also makes inapplicable the interpretation of La. R.S. 49:113 not to include unemployment compensation benefits in Alongi v. Department of Police, 480 So.2d 1001 (La.App. 4th Cir.1985), writ denied, 481 So.2d 1351 (La.1986), and Ceasar v. Dept. of Public Safety and Corrections, 583 So.2d 145 (La. App. 1st Cir.1991). Additionally, we find that the peculiar facts and statutes involved in National Labor Relations Board v. Gullet Gin Co., 340 U.S. 361, 364, 71 S.Ct. 337, 339-40, 95 L.Ed. 337 (1951) make that decision inapplicable to an off-set of unemployment benefits by the Commission.
This assignment is without merit.

INTEREST ON PAST DUE WAGES
The Commission declined to decide the question of legal interest on past due wages based on its conclusion that the issue involves interpretation of constitutional and statutory provisions which it lacks jurisdiction to consider.
It was the general rule that laws which relate to the payment of legal interest do not apply to the state and neither the state nor any of its agencies can be cast for interest on unpaid accounts. Boucher v. Doyal, 210 So.2d 75 (La.App. 1st Cir.), writ refused, 252 La. 833, 214 So.2d 160 (La.1968). The Boucher rule appears to stem from Boxwell v. Dept. of Highways, 203 La. 760, 14 So.2d 627 (1943). We specifically repudiated Boxwell in Carr v. State Through Dept. of Health and Human Resources, 451 So.2d 1282, (La. App. 1st Cir.1984) where we pointed out that Boxwell preceded the 1974 Constitution and relied on sovereign immunity. However, since the 1974 Constitution, "Pursuant to the enactment of Article 12, Section 10, the state not only waives immunity from suit, but also immunity from liability which included legal interest". Carr, 451 So.2d at 1283. Alongi, 480 So.2d at 1003, disallowed interest, but appears to do so because the request was coupled with and not distinguished from a claim for penalties and attorney fees.
We can find no basis under the present law for denying interest on back wage payments. Sovereign immunity no longer exempts the state from liability in contract or tort. La. Const. of 1974, art. XII, Sec. 10(A). This dispute is over appellant's employment contract. In all other cases involving wage payments under employment contracts interest is allowed and is allowed on each payment as it becomes due. Meeks v. Huntington School, Inc., 489 So.2d 435 (La.App. 3rd Cir.), writ not considered, 494 So.2d 1167 (La.1986). We see no reason why the rule should be different for back wages owed by the State or its agencies.

CONCLUSION
We affirm the Commission's set-off of unemployment benefits, and attorney fees. We decide the question of legal interest on past due wages in favor of appellant and remand to the Commission for a determination of when the wages herein were due so interest can be run from each installment. Unemployment compensation should be off-set on an installment basis so that interest is due only on the difference. We assess Southern University with all costs in the amount of $1,058.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
LANIER, J., concurs in part and assigns reasons.
LANIER, Judge, concurring in part.
I concur in the assignment of error on Baker's entitlement to interest on his past due wages. In all other respects, I agree with the opinion.
La. Const. of 1974, art. XII, § 10(A) waives sovereign immunity in contract and tort only. Pursuant to La. Const. of 1974, art. XII, § 10(B) for subject matters other *1318 than tort and contract, sovereign immunity is not waived, and an act of the legislature is required to obtain a waiver. I agree that sovereign immunity has been waived for Baker's dispute over his employment contract and that he is entitled to legal interest like any other litigant. An employment contract is a lease of labor. Guidry v. Freeman, 555 So.2d 588 (La.App. 1st Cir. 1989) and the authorities cited therein. In contract disputes, unless otherwise provided for in the contract, the prevailing party is entitled to legal interest from the due date of the obligation. La.C.C. art. 2000; River Road Construction, Inc. v. Canal Indemnity Company, 538 So.2d 625 (La. App. 1st Cir.1988). The terms of the lease of labor determine when the payments for the labor are due. If wages are not paid when they are due under a lease of labor, the employee is entitled to legal interest thereon from each due date until paid.