FOIL, Judge.
This is an appeal by James Baker from the ruling of a referee appointed by the Louisiana Civil Service Commission (Commission) concerning his employment termination. The employer, Southern University, filed an answer to the appeal. We reverse the referee's decision.
FACTS
To understand the issues presented by this appeal, a review of the lengthy factual and procedural background of the entire case is necessary. James Baker was employed by Southern University as a custodial worker. On January 27, 1989, he was terminated from his job effective February 13, 1989. Mr. Baker appealed his termination to the Commission (Docket #7689, hereafter referred to as “Baker I”), which appointed a referee who conducted a hearing of the matter.
The parties subsequently submitted a proposed partial settlement containing various stipulations, which the referee approved. Pursuant to the partial settlement, Southern agreed to rescind the termination and reinstate Mr. Baker to his position with benefits and back pay subject to the set-off of unemployment compensation received after the termination. Southern also agreed to pay $500 in attorney fees, which is the maximum allowed under the Civil Service Rules. Mr. Baker reserved the right to challenge the set-off of unemployment compensation and the amount of attorney fees. The parties agreed to submit to the referee the issues of interest on each payment of back wages due, as well as Mr. Baker’s entitlement to an award of *700 attorney fees in excess of the $500 limit set by Civil Service Rule 13.35.
A hearing on those issues was held on February 6, 1990, after which the Commission made the following determinations:
1) unemployment compensation received by appellant during his termination would be set-off against each back payment ordered paid;
2) attorney fees in excess of $500 would not be assessed; and
3) interest on each back wage payment would be disallowed because the jurisdiction of the Commission does not extend to the ancillary issue of interest, the resolution of which requires an interpretation of constitutional provisions and statutes.
Mr. Baker appealed those three rulings (along with several secondary matters). In an opinion dated November 22, 1991, this court held as follows:
1) the Commission properly allowed a set-off for unemployment compensation against back wages;
2) appellant was not entitled to attorney fees in excess of $500; and
3) there was no basis for denying interest on back wage payments.
Baker v. Southern University, 590 So.2d 1313 (La.App. 1st Cir.1991). Accordingly, the judgment was affirmed in part, reversed in part and the matter was remanded to the Commission for a determination of when the wages at issue were due, so that interest could run from each installment. We noted, however, that interest was due only on the difference between the unemployment compensation to be offset against each installment.
On October 2, 1989, Mr. Baker was reinstated to his position at Southern pursuant to the settlement agreement in Baker I. However, Southern re-terminated him that same date based on the same grounds involved in Baker I. The letter of termination was signed by Dolores R. Spikes, President and Chancellor of Southern.
The matter before us now stems from Mr. Baker’s retermination of October 2, 1989. Mr. Baker filed an appeal with the Commission on October 26, 1989 (Docket # S-8160, hereafter referred to as “Baker II”). Hearings were later held before a referee who issued a written decision on December 13, 1990. Pretermitting a ruling on the other issues presented by the appeal, the referee found that the disciplinary action taken was not by the proper appointing authority and was void. The referee found that La.R.S. 17:3305, which creates the statutory appointing authority for Southern, sets forth a three-step process in the exercise of appointing authority, culminating in approval by the Southern Board of Supervisors of any action taken. Thus, when the Board amended its bylaws to authorize the President to be the appointing authority, thereby eliminating participation of the Board, it unlawfully delegated its appointing authority under La.R.S. 17:3305. The referee ordered Mr. Baker reinstated to his former position effective October 2, 1989, with back pay subject to a set-off of unemployment compensation received during the period of termination. Mr. Baker was also awarded attorney fees of $500. The referee declined to eliminate the set-off, order interest on the award of back pay, or exceed the $500 attorney fee limit based on the Commission’s rulings in Baker I.
On December 20, 1990, Mr. Baker filed an application for appeal directly to this court. Formal notice of the appeal was issued by the Department of Civil Service on December 28, 1990. Also on that date, Southern filed a timely application for review of the referee’s decision with the Commission. On March 13, 1991, the Commission declined to consider the application, stating that it lacked jurisdiction because of Mr. Baker’s pending appeal with this court.
On July 3, 1991, this court ruled on a motion filed by Southern to stay the decision of the referee in Baker II (Docket # S-8160). We stayed that portion of the decision granting back wages to Mr. Baker for the time period prior to May 21, 1991 (the date Mr. Baker presented himself for reinstatement), until the judgment on appeal becomes definitive. However, we denied *701 Southern’s request to stay payment of attorney fees.
In this appeal, Mr. Baker urges that the referee committed error in: 1) not awarding legal interest on each back wage installment due; 2) not awarding attorney fees under La.R.S. 42:1451; and 3) requiring a set-off of unemployment benefits.
Southern filed a timely answer to the appeal, praying that we reverse the referee’s decision concluding that the Board of Supervisors cannot delegate its statutory appointing authority to the President and Chancellor of Southern, Dolores R. Spikes, and that Mr. Baker was not terminated by the proper appointing authority. In the alternative, in the event this court does not reverse the referee’s decision, Southern asks that the set-off of unemployment benefits from back pay and denial of an award of interest be affirmed, and that the award of attorney fees be reversed. Because we agree with Southern’s assertion that Mr. Baker was re-terminated by the proper appointing authority, we pretermit resolution of the other issues presented by this appeal.
DELEGATION OF APPOINTING AUTHORITY
Civil Service Rule 1.4 defines “appointing authority” as “the agency, department, board, or commission, and the officers and employees thereof authorized by statute or by lawfully delegated authority to make appointments to positions in the State Service.”
La.R.S. 17:3301-3305 sets forth the law relative to the organization of colleges and universities. Section 3305 concerns the “Employment and compensation of faculty; administrative and professional staff; and classified employees.” Part B of that section is of particular relevance in this case, and provides as follows:
B. The head of each college and university, subject to applicable civil service laws, rules and regulations and approval by the president or chief administrative officer of the system and the appropriate board, shall appoint and fix the salaries and duties of the classified employees needed for the operation of the college or university he heads.
The Bylaws and Regulations of the Board of Supervisors of Southern University were introduced into evidence at the hearing in this matter. In particular, Article VII, Section 2, was amended effective July 29, 1989, to provide, in pertinent part, as follows:
C. .. .The President, or an officer designated by her, is authorized as the appointing authority to make and approve personnel actions relating to classified personnel, including disciplinary actions required to be expressed in writing, in keeping with governing statutes.
Prior to the amendment, such disciplinary actions were subject to the approval of the Board.
The referee found that the above amendment to the bylaws by the Board of Supervisors does not constitute a lawful delegation of its statutory appointing authority. La.R.S. 17:3305 B delineates a three-step process in the exercise of appointing authority, the last of which is approval of any action by the Board. The referee found as fact that the Board of Supervisors took no action to approve the October 2, 1989, termination of Mr. Baker. The referee concluded that the bylaw amendment attempts to eliminate the participation of the Board, which violates the intent of the statute. Because it was not established that Dr. Spikes was the proper appointing authority over Mr. Baker, the referee lacked jurisdiction to proceed to the merits of the appeal and pretermitted ruling on those issues.
In this case, Dr. Dolores R. Spikes was Chancellor of the Southern University campus in Baton Rouge at the time of Mr. Baker’s termination on October 2, 1989. As such, she had the authority under La. R.S. 17:3305 B to appoint and dismiss classified employees, albeit subject to the approval of the President and the Board of Supervisors. Additionally, however, Dr. Spikes was President of the Southern University system at the time in question. As such, she was designated as the appointing authority by the Board of Supervisors under the amendment to Article VII, Section *702 2, of its bylaws. The issue is whether the Board could lawfully do so.
There are other provisions in Title 17 of the Revised Statutes, in addition to the part on organization of universities, that concern the authority, powers and duties of the boards of universities. Specifically, the Board of Supervisors of Southern University has the corporate authority, internal and otherwise, to supervise and manage the university system under its jurisdiction. La.R.S. 17:3218. Further, the Board has the authority to exercise all power to direct, control, supervise and manage the university, including the power to employ or approve the employment and fix or approve the duties and functions of personnel for the board and the university system. La.R.S. 17:3351 A(10).
We conclude, after reading all pertinent statutory provisions, that the Board of Supervisors of Southern University has the power to delegate appointing authority to the person occupying the position of President of the university system. That person was Dr. Dolores R. Spikes at the time of the action involved in this case. We find this action to be in conformity with Civil Service Rule 1.4, which clearly provides that the Board may delegate its appointing authority.
Accordingly, we reverse the decision of the referee which found to the contrary and remand the matter for consideration of the merits of Mr. Baker’s appeal.[1] Costs of this appeal are to be assessed by the referee.
REVERSED AND REMANDED.

. The issues raised by that appeal should be judged in light of our opinion in Baker v. Southern University, 590 So.2d 1313 (La.App. 1st Cir.1991).