998 So.2d 206 (2008)
Beverly RAY
v.
DEPARTMENT OF LABOR.
No. 2008 CA 0390.
Court of Appeal of Louisiana, First Circuit.
November 3, 2008.
*207 Joel Loeffelholz, New Orleans, LA, for Plaintiff/Appellant Beverly Ray.
Robeli Roux, Baton Rouge, LA, for Defendant/Appellee Department of Labor.
Robert Boland Jr., Civil Service General Counsel, Baton Rouge, LA, for Defendant/Appellee, Anne S. Soileau, Director Department of State Civil Service.
Before: PETTIGREW, McDONALD, HUGHES, JJ.
McDONALD, J.
This is an appeal of an award of attorney fees in a civil service matter. For the following reasons, we modify the decision.

FACTS
In August 2006, Beverly Ray was a classified civil service employee with permanent status in the Department of Labor. *208 On August 10, 2006, an incident of alleged insubordination by Ms. Ray occurred, which subjected her to disciplinary proceedings. After investigation, on February 9, 2007, a letter was sent to Ms. Ray outlining the charges against her and notifying her that she was suspended from duty, without pay, for one day. Ms. Ray contacted an attorney, Joel P. Loeffelholz, to represent her in an appeal of the agency decision to suspend her.
On March 5, 2007, Mr. Loeffelholz sent a letter to Civil Service on behalf of Ms. Ray, denying the allegations in the February 9, 2007 letter. Mr. Loeffelholz also submitted a petition for summary disposition, which alleged that the disciplinary action taken was null and void due to violations of Civil Service rules. The appeal of the disciplinary action was docketed for hearing on May 18, 2007.
It was Ms. Ray's position that the supervisor involved in the incident not only had a history of being severely confrontational and abusive toward employees, but was also the instigator of the incident that gave rise to Ms. Ray's suspension. Subpoenas were requested and issued for witnesses, some of whom were not witnesses to the incident but presumably would testify regarding Ms. Ray's defense concerning the supervisor. Subpoena duces tecum were issued for e-mail, correspondence, and copies of any and all Department of Labor rules pertaining to employee conduct or behavior in the workplace. A motion to quash some of the subpoenas and a motion in limine to exclude character-based testimony was filed.
The May hearing was continued to November 20, 2007, on motion of the Department of Labor, without objection by Ms. Ray. The hearing officer originally assigned to the matter left Civil Service employ and a different hearing officer was assigned. Thereafter, the subpoenas originally issued for the May hearing were reissued by the new hearing officer with restrictions. In October, counsel for Ms. Ray submitted an application for review to the Civil Service Commission claiming that the restrictions placed on the previously unrestricted subpoenas hampered Ms. Ray's defense and prevented a fair hearing.
In mid-November, five days prior to the scheduled hearing, the Department of Labor notified the Civil Service Commission hearing referee that in consideration of the potential length of the hearing and disruption of productive work for many department employees, the disciplinary action was rescinded and a letter of reprimand substituted. The notification further provided that "as Ms. Ray has employed an attorney to assist in her appeal, LDOL agrees to submit the issue of attorney fees to your attention for a decision in accordance with Civil Service Rule 13.35."
Mr. Loeffelholz presented an invoice for attorney fees, specifying various activities on behalf of Ms. Ray, totaling 17 hours, and requesting the maximum amount of attorney fees allowed by Civil Service rule, $1,500.00. The hearing referee awarded $750.00 in attorney fees, which was appealed and affirmed by the Civil Service Commission. It is this decision that is before us on appeal.

DISCUSSION
Appeals of final decisions of the Civil Service Commission are subject to review on any question of law or fact by the court of appeal wherein the commission is located. La. Const, art. 10 § 12. A reviewing court should not disturb the factual findings made by the Commission in the absence of manifest error. Walters v. Department of Police of City of New Orleans, 454 So.2d 106, 113, (La.1984); Burst v. Bd. Of Com'rs, Port of New Orleans 93-2069 *209 (La.App. 1st Cir.10/07/94), 646 So.2d 955, 958. An award of attorney fees is a discretionary act by the Civil Service Commission, generally premised on a finding that the action of the appointing authority was unreasonable, and an abuse of that discretion must be shown for the award to be modified or vacated. See Morgan v. Louisiana State University, 06-0570 (La.App. 1st Cir.4/4/07), 960 So.2d 1002, 1007.
The decision to award attorney fees was made by the Civil Service referee pursuant to Civil Service Rule 13.35, which provides:
(a) When the Commission or a referee approves a settlement, recision, or modification of an action that has been appealed, or renders a decision, including a decision on application for review, which reverses or modifies an action that has been appealed, the appellee may be ordered to pay attorney's fees in an amount not to exceed $1,500.
(b)The Commission or a referee may allow such evidence and argument in support of the request for attorney's fees as is deemed appropriate considering the status of the appeal at the time the request for attorney's fees is filed. No attorney's fees shall be awarded unless a written request is filed before the final disposition of the appeal by the Commission or a referee.
The "conclusions of law" found by the referee in awarding attorney fees in this matter included recognition of Mr. Loeffelholz's invoice of 17 hours of work on behalf of Ms. Ray and request for the maximum fee allowed by Civil Service Rule 13.35. The referee found that:
This appeal concerns a one (1) day suspension, which arose out of one (1) simple instance of alleged misconduct. No hearing was held, as the appointing authority sought and received approval to rescind the disciplinary action, albeit a few days before the scheduled hearing date. The time Mr. Loeffelholz claims to have spent on this appeal is disproportionate to the severity of the disciplinary action and the complexity of the alleged misconduct. The pleadings filed on behalf of Ms. Ray are brief and straightforward, and the appeal did not involve any novel questions of law or fact. In view of the foregoing, an award of fifteen hundred ($1500) Dollars would clearly be excessive. My review of the appeal record and Mr. Loeffelholz's submission indicates that attorney's fees of seven hundred and fifty ($750) Dollars is appropriate.
Appellant argues that an award of $750.00 for 17 hours of work amounts to an attorney fee of $44.12 an hour, which is arbitrary and capricious. He asserts that the Attorney Fee Review Board, which reviews hourly rates for legal fees for which the state may be liable pursuant to 13:5108.3, established a minimum hourly rate of $100.00 and a maximum hourly rate of $400.00. We find that this Title 13 Act, which provides for suits against the state, state agencies, or political subdivisions, is not controlling here; however, it does provide evidence on the issue of customary fees.
Mr. Loeffelholz further asserts that he has over 30 years of successful practice before the Civil Service Commission representing hundreds of classified employees and argues that maintaining an hourly fee of $44.12 will have a far reaching and unconstitutional chilling effect upon a classified civil service worker's right to representation. While classified civil service employees have a constitutionally protected property interest in their jobs, they do not have a constitutional right to representation in protecting them at their employer's expense. That right has been conferred by rule of the Civil *210 Service Commission, and clearly is a qualified right because it cannot be seriously maintained that $1,500.00 will provide sufficient funding to obtain legal representation to challenge an adverse disciplinary action all the way through the hearing and appeal process. We further note that it was not the intention of the Civil Service Commission to require that the cost of legal representation be borne solely by the appointing authority-state agency.
Prior to adopting Rule 13.35 in 1982, the commission published its purpose as:
The purpose of the adoption of this Rule was to put a specific provision in the Civil Service Rules which addresses the assessment of attorneys' fees. This Rule allows the Commission to assess attorneys' fees at its discretion and provides a procedural mechanism for presenting requests for attorneys' fees. A maximum award of attorneys' fees is stated in the Rule for the purpose of providing notice to all parties concerned so that agencies will be able to make the necessary budget requests and that appellants and attorneys representing appellants will understand that an award of attorneys' fees will not necessarily shift the entire financial responsibility for payment of attorneys' fees from a successful appellant to the appellee.
The original purpose of the rule makes it clear that the right to receive an award of attorney fees does not necessarily insure that all of the cost of representation will be recovered.
Appellant also argues that the referee's opinion that the amount of time spent on the appeal is disproportionate to the severity of the disciplinary action and the complexity of the alleged misconduct is irrelevant because a lawyer must put forth his best effort to represent his client no matter the penalty appealed from; noting that anything less would be an ethical violation and deny his client the right to effective counsel.
Appellant asserts that in determining what a reasonable award of attorney fees should be, courts have held that some of the factors in Rule 1.5(a) of the Rules of Professional Conduct, used by attorneys in setting fees, should be considered: (1) the responsibility incurred; (2) the legal knowledge, attainment, and skill of the attorney; (3) the diligence and skill of counsel; (4) the time and labor required; (5) the skill required to properly perform the legal services; (6) the fee customarily charged in the locality for similar services; and (7) the experience, reputation, and ability of the lawyer. He emphasizes that the penalty that the employee received and which he/she appealed to the Commission is not a factor to be considered. While ultimately we have concluded that Rule 1.5(a) of the Rules of Professional Conduct is relevant in this award of attorney fees, it was not immediately apparent on our review of the jurisprudence on this issue because it was not clear that the intention of the Civil Service Commission was to award a reasonable attorney fee.
In Baker v. Southern University, 590 So.2d 1313 (La.App. 1st Cir.1991), this court was asked to review the correctness of an attorney fee award of $500.00 in a civil service case. In deciding that the fee, the maximum allowed by Civil Service Rule 13.35 at that time, was correct this court referenced the finding that La. R.S. 42:1451 was unconstitutional, citing, Appeal of Brisset, 436 So.2d 654 (La.App. 1st Cir.), writ denied, 441 So.2d 749 (La.1983). In the Brisset case, an award of attorney fees was sought pursuant to La. R.S. 42:1451, which provides:
In any appeal under Article X, Section 8 of the constitution by an employee in the classified state civil service to overturn any action by the department or *211 agency employing him in which the decision to take the action is overruled and such decision is found to be unreasonable, the Civil Service Commission shall order the department or agency to pay reasonable attorneys' fees incurred by the employee in appealing the action.
The Civil Service Commission had found that the statute was unconstitutional because it infringed on powers constitutionally granted to it and awarded the maximum fee allowed by the rule, rather than the "reasonable attorney fees incurred by the employee in appealing the action." This court found that the Civil Service Commission did not have jurisdiction to adjudicate the constitutionality of a statute, but held that the statute was unconstitutional. It reasoned that the Louisiana Constitution vests the Civil Service Commission with broad and general rulemaking and subpoena power for the administration and regulation of the classified service and held that this included appeals from disciplinary action to the commission. The maximum attorney fee allowable by Civil Service Rule 13.35 was affirmed. This holding was followed on rehearing in Dept. of Health & Human Resources v. Toups, 451 So.2d 1126 (La. App. 1st Cir.), writ denied, 457 So.2d 12 (La.1984). Thus, it is clear that a "reasonable" attorney fee, as that fee is customarily determined by the courts, is not necessarily insured to attorneys representing state civil service employees challenging a disciplinary action, but rather the fee is limited to a maximum as set by civil service rule.[1]
In directly considering an attorney fee award more recently, however, the Louisiana Supreme Court stated that regardless of the language of the statutory authority for an award of attorney fees or the method employed by a trial court in making an award of attorney fees, courts may inquire as to the reasonableness of attorney fees as part of their prevailing, inherent authority to regulate the practice of law. It went on to cite factors to be taken into consideration in determining the reasonableness of attorney fees: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge. The court noted that these factors are derived from Rule 1.5(a) of the Rules of Professional Conduct. Rivet v. State, Dept. of Transp. and Development 96-0145 (La.9/5/96), 680 So.2d 1154, 1161-62.
We recognize and respect the deference due the civil service hearing referee and Civil Service Commission in this matter, not only as a matter of law, but also because of their experience in adjudicating disciplinary appeals. This court, however, has a constitutional duty to review this matter, and there simply must be some standard for setting the attorney fees in order for us to do so.
The conclusions reached by the hearing referee suggest that he intended to consider some of the factors established in the Rules of Professional Conduct. The record does not state, however, and we have no way of determining how the factors are evaluated in the somewhat unique circumstances under which attorney fees *212 are awarded by the Civil Service Commission. Therefore, we rely on the standards set by the Supreme Court as stated above, recognizing that in these civil service matters, the "reasonableness" of the fee contains inherent limitations not generally considered.
Mr. Loeffelholz submitted an invoice showing that he expended 17 hours on behalf of Ms. Ray in this matter. The hearing referee found that "The time Mr. Loeffelholz claims to have spent on this appeal is disproportionate to the severity of the disciplinary action and the complexity of the alleged misconduct." We observe that the severity of the disciplinary action is generally not material to the amount of time an attorney spends in interviewing a client, conversing with opposing counsel, drafting pleadings or reviewing a file in preparation for a hearing. We also find merit in Mr. Loeffelholz's argument that his professional duty requires him to put forth his best effort to represent his client no matter the penalty appealed from and that anything less would be an ethical violation and deny his client the right to effective counsel.
With regard to the complexity of the alleged misconduct, we observe that while the alleged misconduct may not have been complex, defending an employee who has allegedly directly disobeyed an order of a supervisor, and allegedly gotten within inches of the supervisor's face and yelled at her in front of numerous witnesses, may be slightly complex and certainly requires a considerable level of skill, knowledge, and diligence. Our review of the record does not disclose a reasonable basis for a factual finding that Mr. Loeffelholz did not expend 17 hours on behalf of Ms. Ray in this matter.
Based on our careful review of the entire record in this matter and in accordance with law, we find that the decision of the civil service hearing referee, affirmed by the Civil Service Commission, to award attorney fees in the amount of $750.00 to Beverly Ray and Joel P. Loeffelholz must be modified. We hold that any determination of the amount of an award of attorney fees pursuant to Civil Service Rule 13.35 must be made considering either the factors cited by the supreme court as outlined above, or other objective criteria determined by the Civil Service Commission to be uniformly used in evaluating attorney fees under their rules.
The judgment appealed, awarding attorney fees in the amount of $750.00 to Joel P. Loeffelholz, is modified to provide that attorney fees in the amount of $1,500.00 are awarded to Joel P. Loeffelholz, The costs of this appeal are assessed to the Civil Service Commission.
MODIFIED AND RENDERED.
NOTES
[1] Rule 13.35 was originally enacted effective January 5, 1982 and provided for a maximum fee of $500.00. Approximately nine years later, the maximum was amended to $1,500.00 effective September 11, 1991.