JAMES -F. McKAY III, Chief Judge.
Jjln this Civil Service case, the New Orléans Police Department (NOPD) appeals from a judgment of the Civil Service Commission of the City of New Orleans, which granted a motion to enforce settlement agreement filed by Nikia Adams: For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
The NOPD terminated Officer Nikia Adams because of her arrest on the charges of animal cruelty in St. John the Baptist Parish.[1] Officer Adams appealed her termination to the Civil Service Commission. On October 26, 2012, the Commission denied her appeal, finding that the NOPD established cause for her discipline by a preponderance of the evidence, that her misdemeanor violations impaired the efficient operation of the department, and that the discipline of termination was commensurate with .the offense. Officer Adams appealed to this Court, which confirmed the .Commission’s judgment on December 18, 2013. Adams v. Dept. of Police, 2013-0200 (La.App. 4 Cir. 12/18/13), 131 So.3d 378. Officer Adams then took a writ to the Louisiana Supreme Court, which granted the writ and found that the NOPD abused its discretion in terminating Officer Adams’s employment and remanded the case to the Commission to impose a more appropriate penalty than termination. Adams v. Dept. of Police, 2014-0140 (La,3/21/14), 135 So.3d 624.
Following the Supreme Court’s decision, the parties entered into, a settlement agreement, which was approved by the Commission on February 9, 2015. The parties agreed to a reduction in the discipline from termination to two (2) thirty (30) day suspensions without pay, and reinstatement of Officer Adams with full back pay, less an offset for the sixty days of suspension, and less a credit to NOPD for all wages and salaries earned by Officer Adams from the date of termination, through her date of reinstatement.
Pursuant to the settlement agreement, Officer. Adams’s counsel forwarded her income tax returns covering the period from her termination until her reinstatement to the City Attorney’s Office. On March 10, 2015, said counsel received the back pay calculations from the City Attorney’s Office. These calculations contained an offset for not only wages and salaries earned but also unemployment payments and an amount Officer Adams received from her retirement fund with the Municipal Police Employees’ Retirement System (MPERS). The MPERS issue was eventually worked out by the parties. However, they could not come to an-agreement regarding unemployment payments. Thereafter, Officer Adams filed a motion with the Commission to enforce the ¡¡¡terms of the settlement agreement. She contended that case law applying La. R.S. 49:113 on reinstatement and payment of backpay to a classified employee does not permit the calculations of interim earnings to include unemployment payments because the statute specifically references wages earned from a private employer. The Commission agreed with Officer Adams’s position and rendered its ruling on December 1, 2015. It is from this judgment that thé NOPD- appeals. '
DISCUSSION
This appéal involves one simple issue— whether unemployment compensation constitutes “wages and salaries” for purposes of the settlement agreement entered into between the NOPD and Nikia Adams. *259 The settlement agreement permits the NOPD to offset “wages and salaries” from the back pay due to Officer Adams. The NOPD contends that “wages and.salaries” include all earnings, including unemployment compensation. Ms. Adams submits that such an offset is impermissible as unemployment compensation does not constitute “wages and salaries” pursuant .to Rule II, Section 11.1 of the Rules of the Civil Sendee Commission, La. R.S, 49:113, and the consistent jurisprudence of this Court.
According to La. R.S. 49:113, employees in the state or city civil service, who have been illegally discharged from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in ^private .employment in the period of separation. This Court has found that this statute should be strictly construed. Alongi v. Dept. of Police, 480 So.2d 1001, 1002-03 (La.App. 4 Cir.1985); see also Serpas v. Dept. of Police, 529 So.2d 138 (La.App. 4 Cir.1988). In Alongi, this Court held that “[although it can be argued that the legislative purpose of the statute is to make an employee whole, we interpret it to mean what it says, that is ‘earned from private employment.’ ” 480 So.2d 1001, 1002-03. We are bound by this holding. Accordingly, the NOPD is not allowed an offset for any unemployment benefits that Officer Adams received during the time of her separation from the department.
CONCLUSION
, For the above and foregoing reasons, .we affirm the Commission’s judgment ordering- the enforcement of the settlement agreement between the NOPD and Officer Adams.
AFFIRMED

. She allegedly neglected family pets in her custody and care, which resulted in the death of one dog and the near starvation of a second dog that was removed from her custody by the local SPCA.