SHORTESS, Judge.
Appellant, Cheryl E. Johnson, was employed by the LSU Athletic Department Business Office in Baton Rouge, Louisiana, as a clerk typist, serving with permanent status. By letter dated November 28, 1979, she was notified that her employment was to be terminated because of three work-related incidents.
The first incident involved the loss of $7,508.00 which represented the cash receipts from the LSU golf course on August 9, 11, 12, 18, 19, 25, and 26, 1979, which appellant had received from golf course personnel. The second incident involved an allegation that appellant had received four (4) football tickets from her supervisor without paying for them. Finally, approximately $829.00 disappeared in November of 1979 from a metal cash box, for which appellant was responsible, during her lunch break.
On January 4, 1980, appellant filed a notice of appeal in proper person with the Louisiana State Civil Service Commission. A hearing on the merits was heard on December 2, 1980, and the Commission took the matter under advisement. A delay of approximately seven months elapsed and on July 6, 1981, the Commission rendered a decision denying the appeal. Appellant urges six assignments of error. We find that the first assignment of error has merit and is dispositive of the appeal.
Only five of the seven members then constituting the Commission actually heard and participated in the December 2, 1980, hearing. Those present and participating were: Harry A. Johnson, Jr., Merrill P. Fischer, Henry R. Rauber, James A. Smith, and James R. Smith. On July 6, 1981, the decision was rendered, but at that time only James A. Smith and James R. Smith remained on the Commission. The terms of Harry A. Johnson, Jr., Merrill P. Fischer, and Henry R. Rauber had expired; and they had been replaced by David D. Dug-gins, Edwin C. Harbuck and Marshall J. Ryals. Although their terms had expired, Johnson, Fischer and Rauber signed the decision denying appellant’s appeal.
The Louisiana Constitution of 1974, Article 10, Section 3(A), provides in pertinent part:
The State Civil Service Commission is established and shall be domiciled in the state capital. It shall be composed of seven members who are electors of this state, four of whom shall constitute a quorum. (Emphasis ours)
On December 2, 1980, a hearing on the merits was properly held, as a constitutional quorum was present. The actions of a majority of those present would be constitutionally valid. Toms v. Louisiana Health & Human Resources Administration, Division of Management, 349 So.2d 941 (La.App.1st Cir. 1977) writ denied 351 So.2d 162 (La.1977); and See: Alonzo v. Louisiana Department of Highways, 268 So.2d 52 (La.App.1st Cir. 1972), writ refused 263 La. 990, 270 So.2d 124 (1972).
*669 However, by July 6,1981, a constitutional quorum of those who heard the matter could not be assembled to render a decision because the new members had taken office. Only James A. Smith and James R. Smith were members of the Commission at the hearing and also when the decision was rendered and signed. Two members were not sufficient to form a majority of the five-member panel which originally heard the case.
Counsel for appellee has cited no constitutional provision, statute, or jurisprudence to support his contention that it is proper to allow former members of the Commission to render decisions beyond their term.
Article 10, Section 12, of the Louisiana Constitution of 1974 provides in pertinent part:
Each commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths. (Emphasis ours)
Appellant has the right to have her case heard by a Commission composed of a constitutional quorum and decided by a majority of that quorum, while the members thereof are still in office.
For the foregoing reasons, we reverse the decision of the Commission and remand for a new hearing consistent with the reasons set forth herein. Costs of this appeal are taxed to appellee.
REVERSED AND REMANDED.