734 So.2d 617 (1999)
Thomas A. LOTT
v.
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, OFFICE OF the LOUISIANA STATE POLICE.
No. 98-C-1920.
Supreme Court of Louisiana.
May 18, 1999.
Foye L. Lowe, Jr., Baton Rouge, Counsel for Applicant.
Floyd J. Falcon, Jr., Daniel Laraway Avant, Avant & Falcon, Baton Rouge, Norman W. Ershler, Baton Rouge, Counsel for Respondent.
CALOGERO, C.J.[*]
We granted certiorari in this case to determine whether the court of appeal was correct in holding that the plaintiff, Thomas Lott, was denied due process during the appeal of his termination by the State Police because a constitutional quorum of the State Police Commission was not in attendance on one particular hearing date, *618 notwithstanding the fact that the State Police Commission had appointed a referee for the purpose of taking testimony in the appeal. For the following reasons, we hold that the presence of a quorum of the State Police Commission is not required in order to preserve the appellant's due process rights in an appeal to that body when it has seen fit to appoint a referee for the taking of testimony, a procedure authorized by our state constitution. We therefore reverse the court of appeal and remand the case for consideration of Lott's other assignments of error raised therein.

FACTS AND PROCEDURAL HISTORY
Thomas Lott was employed for approximately fifteen years by the Department of Public Safety and Corrections as a State Police pilot. Effective December 15, 1995, Lott's employment was terminated after an internal investigation concluded that he had sent, or was involved in sending, seven pseudonymous letters and one anonymous letter to the Federal Aviation Administration and to several Louisiana public officials which allegedly contained false and misleading information critical of his supervisor.
On December 19, 1995, Lott filed a timely appeal with the State Police Commission seeking reversal of his termination, monetary remuneration, and attorneys' fees. The Louisiana Constitution provides that the State Police Commission "shall be composed of seven members who are electors of this state, four of whom shall constitute a quorum." La. Const. Art. 10, § 43. Lott's appeal to the State Police Commission consisted of six hearing dates conducted over a ten month period. On March 18, 1996, Lott's first hearing before the State Police Commission, there were in office seven members. Six members were present at that March hearing, at which time evidence was taken on Lott's motion for summary disposition and motion in limine, wherein he sought to exclude the results of a polygraph examination. At that hearing, the State Police Commission voted to appoint a referee for the taking of testimony in the matter. That same referee was appointed for the purpose of taking testimony on all subsequent hearing dates of Lott's appeal. On April 24, 1996, the State Police Commission rendered an opinion in which it denied both of Lott's motions.
The next five hearings took place that same year on July 15, August 19, September 16, October 2, and December 2, at which time testimony was taken on the merits of Lott's appeal. A quorum of the State Police Commission was present for all but the September 16th hearing. It was on September 16 that Lott's attorney objected to the taking of testimony based on the State Police Commission's failure to seat a quorum of its members. The referee overruled the objection and proceeded with the hearing.
On March 4, 1997, the State Police Commission rendered an opinion upholding the Department of Public Safety and Correction's termination of Lott. Six members participated in the opinion. However, only two of those members were present for the taking of the entire testimony on the merits of Lott's appeal.[1]
Lott appealed to the First Circuit alleging, among other things, that his appeal to the State Police Commission was procedurally defective.[2] Lott argued that the failure of the State Police Commission to have a quorum present at the September hearing resulted in a denial of his due process rights. The court of appeal agreed and specifically held that the failure of the State Police Commission to seat *619 a quorum of its members to weigh the credibility of testimony important to Lott's defense, which was adduced at the September hearing, resulted in a denial of his due process rights. Lott v. Dept. of Public Safety & Corrections, 97-1099, p. 5 (La.App. 1 Cir. 5/15/98), 712 So.2d 660, 662.
From that ruling, the defendant, the Department of Public Safety and Corrections, Office of State Police, appealed to this Court, and we granted writs to determine whether the opinion of the court of appeal was correct. Lott v. Dept. of Public Safety & Corrections, 98-1920 (La.11/6/98), 726 So.2d 913.

LEGAL ANALYSIS
The defendant argues in this Court that Lott was not denied due process during his appeal because the State Police Commission is constitutionally authorized to appoint a referee to take testimony in appeals, and therefore the presence of a quorum of the State Police Commission members at hearings where such referee is present and taking testimony is not required.[3]
Lott counters by citing State Police Commission rule 2.6(a) which provides that four members of the Commission "shall constitute a quorum for the transaction of business." Thus, argues Lott, the failure to seat a quorum at the September hearing resulted in a lack of legal authority to transact business, i.e. hear the appeal. Furthermore, Lott cites Johnson v. Louisiana State Univ., 418 So.2d 667 (La.App. 1st Cir.1982) for the proposition that he had a right to have his case heard by a commission composed of a constitutional quorum and decided by a majority of that quorum. Lott argues that a quorum was particularly necessary in his case, where the referee was appointed only for the purpose of taking testimony, and was not appointed to make a recommendation to the State Police Commission.
Article 10, Section 41 of the Louisiana Constitution establishes and implements the State Police Service. Section 46 of that same article provides that "a classified state police officer subjected to ... disciplinary action shall have the right of appeal to the [State Police] commission." Article 10, Section 50 of the Louisiana Constitution provides with regard to appeals to that body:
The State Police Commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths. It may appoint a referee to take testimony, with subpoena power and power to administer oaths to witnesses. The decision of the commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final.
(emphasis added).
Article 10, Section 12 of the Louisiana Constitution contains a similar provision authorizing appeals to the State Civil Service Commission. Importantly for purposes of the instant case, prior to its 1982 amendment, that constitutional provision contained language identical to that of its State Police Commission counterpart, providing that the State Civil Service Commission "may appoint a referee to take *620 testimony, with subpoena power and power to administer oaths to witnesses."[4] The 1982 amendment to Article 10, Section 12 granted civil service referees decisional power in appeals to the State Civil Service Commission. At present, however, the state constitution does not afford State Police Commission referees similar authority. Consequently, prior to the 1982 amendment of Section 12, the role of the State Civil Service referee mirrored that of the State Police Commission referee; neither had the power to decide appeals, and they could only take testimony and make recommendations to the appropriate commission.
Therefore, both parties in the instant case argue, by analogy, the applicability of the pre-amendment State Civil Service Commission jurisprudence as an aid in resolving the instant dispute concerning the State Police Commission.
Contrary to Lott's argument, a review of those pre-amendment State Civil Service Commission decisions reveals that where a referee was appointed to take testimony in accord with Article 10, Section 12, the presence of a quorum of the commission at appeal hearings was not required to satisfy the appellant's due process rights. Carbonell v. Dept. of Health & Human Resources, 444 So.2d 151 (La.App. 1st Cir. 1983), writ denied, 447 So.2d 1063 (La. 1984); Cartwright v. Dept. of Revenue & Taxation, 442 So.2d 552 (La.App. 1st Cir. 1983); Wollerson v. Dept. of Agriculture, 436 So.2d 1241 (La.App. 1st Cir.), writ denied, 441 So.2d 1221 (La.1983); Wells v. Dept. of Corrections, 417 So.2d 377 (La. App. 1st Cir.1982), writ denied, 420 So.2d 983 (La.1982); Goudeau v. Dept. of Public Safety, 349 So.2d 887 (La.App. 1st Cir.), writ denied, 351 So.2d 165 (La.1977). Notably, the issue in those cases was how best to preserve the due process rights of the appellant in light of the absence of the State Civil Service Commission at hearings where a referee had either been appointed only to take testimony or to take testimony and make a recommendation to the commission. See Wells, supra. (commenting on the commission's inability to properly make credibility determinations on a cold record). Indeed, if a quorum of the State Civil Service Commission had been present in those cases, its presence would have obviated the need for the court of appeal to attempt to remedy the effect of its absence on the appellant's right to a full and fair hearing. Lott's reliance on Johnson, supra, in which the court held that the appellant was entitled to have the appeal heard by a quorum of the Civil Service Commission, is misplaced, as there is no indication that the Commission appointed a referee to take testimony in that appeal.
We note that the essence of Lott's argument is that the participation in the decision making process by one who has not actually heard the testimony results in a deprivation of due process.[5] In Morgan v. U.S., 298 U.S. 468, 479, 481, 56 S.Ct. 906, 80 L.Ed. 1288 (1936), the Supreme Court, *621 noting that the decision making authority had neither heard nor read evidence or argument, held that in quasi-judicial proceedings, the decision-making duty must be performed by one who has considered the evidence or argument. Importantly, the Court went on to say:
This necessary rule does not preclude practicable administrative procedure in obtaining the aid of assistants in the department. Assistants may prosecute inquiries. Evidence may be taken by an examiner. Evidence thus taken may be sifted and analyzed by competent subordinates. Argument may be oral or written. The requirements are not technical. But there must be a hearing in a substantial sense And to give the substance of a hearing, which is for the purpose of making determinations upon evidence, the officer who makes the determinations must consider and appraise the evidence which justifies them.

Id. at 481-82, 56 S.Ct. 906. (emphasis added).
Subsequent to Morgan, other federal courts have recognized that due process does not require that a decider of fact in an administrative hearing actually hear the witnesses to assess their credibility. La Porte v. Bitker, 145 F.2d 445, 446 (7th Cir.1944) (citing Morgan, supra); Teschner v. Weinberger, 389 F.Supp. 1293, 1295 (E.D.Wis.1975); Van Teslaar v. Bender, 365 F.Supp. 1007, 1011 (D.Md. 1973); see also Bordelon v. Louisiana Dept. of Corrections, 398 So.2d 1103, 1105 (La.1981) (finding no due process infirmity in the use of court appointed commissioners under LSA-R.S. 13:713, whose role in taking testimony, fact finding, and preparing recommendations to the trial court judge is analogous to that of the commission referees); Bryan, 374 So.2d at 157 (failing to discern any deprivation of due process rights where, in cases of a tie vote, an absent commissioner is allowed to cast the deciding vote after reference only to a transcript of the record).
Moreover, we note that this very due process argument was previously considered and rejected by the First Circuit in Hamilton v. Louisiana Health & Human Resources Admin., 341 So.2d 1190, 1193 (La.App. 1st cir.1976), writ refused, 344 So.2d 4 (La.1977) ("There is no error of law in the judgment of the Court of Appeal.") In Hamilton, the appellant argued that an appeal hearing should be held before the State Civil Service Commission, or at least one member of that commission, who could see and hear witnesses and assess their credibility. Absent such presence on the part of the commission, the appellant urged that the appointment of a referee to hold a hearing and take evidence was a denial of due process. The court, observing that procedural due process as applied in the field of administrative law is more flexible than its application in a judicial tribunal, held that the opportunity of the State Civil Service Commission to hear witnesses was not an "indispensable prerequisite" to due process in administrative hearings so long as the party involved is afforded ample opportunity to confront and cross examine witnesses and to present his own case in full. Hamilton, 341 So.2d at 1193-94 (citing Cafeteria & Restaurant Workers Union v. McElroy, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961)). Furthermore, as Article 10, Section 12 of our state constitution is the source of the State Civil Service Commission's authority to appoint a referee to take testimony, the court concluded that to require a regular trial in such circumstances would result in a negation of that constitutional provision. Id. at 1194.
In Wall v. Close, 201 La. 986, 10 So.2d 779, 784 (1942), this Court previously noted that "[n]o one has a vested right in any given mode of procedure." Our state may determine the process by which legal rights are asserted and enforced so long as a party receives due notice and an opportunity to be heard. Id. In the instant case, Lott does not dispute that he had a full *622 opportunity to present his case and confront and cross-examine witnesses during his appeal. The State Police Commission exercised the option granted to it by our constitution to appoint a referee to take testimony in that appeal. Consequently, the absence of a quorum of the State Police Commission at Lott's September hearing did not deny him due process. Thus, the court of appeal erred when it held that due process concerns required that a quorum of the State Police Commission be present at the September hearing to hear the testimony and weigh its credibility.
Lott's additional argument that the failure of the referee to make a report or recommendation to the State Police Commission mandated the presence of quorum of its members is also unsupported by the jurisprudence. In Morgan, supra, the Supreme Court found that the failure of the examiner to prepare a report and submit it to the decision making authority did not result in a denial of due process. The Court stated, "[W]hile it would have been good practice to have the examiner prepare a report ... we cannot say that that particular type of procedure was essential to the validity of the hearing." Morgan, 298 U.S. at 478, 56 S.Ct. 906. Consistent with Morgan, the First Circuit, in Hamilton, supra, in addition to holding that due process did not require the presence of any members of the State Civil Service Commission, much less a quorum, where a referee had been appointed to take testimony, the court also held that a referee was not thereafter required to file a report or recommendation with that commission to satisfy due process. Id. at 1194. Consequently, we find that Lott's argument in this regard lacks merit.
We therefore find that neither our state constitution nor the applicable jurisprudence supports Lott's argument that a quorum of the State Police Commission was required to be present at the September hearing. Article 10, Section 50 of our state constitution sanctions the appointment of a referee for the taking of testimony in appeals to the State Police Commission. Such an appointment obviates the need for a quorum of that commission to be present during the appeal. Thus, insofar as the court of appeal held that the State Police Commission's failure to seat a quorum at that hearing resulted in a denial of Lott's due process rights, it erred. We therefore reverse that decision and remand the matter to the court of appeal for further consideration of the remainder of Lott's arguments.[6]

DECREE
REVERSED. REMANDED TO THE COURT OF APPEAL.
NOTES
[*] Traylor, J., not on panel. See Rule IV, Part 2, § 3.
[1] While a quorum of the State Police Commission was indeed present at all but the September 16th hearing date, that quorum consisted of different members on each of the hearing dates.
[2] Lott also alleged numerous other errors most of which pertained to the merits of his termination which were not addressed by the court of appeal.
[3] All appeal hearings are audio taped. State Police Commission rule 12.24(a) states, "The proceedings of all appeal hearings before the Commission or a referee shall be recorded, but shall be transcribed only upon order of the Commission or the Director and upon payment by the person requesting the transcript of such cost as may be determined by the Director." We decline to address Lott's alternative argument, not reached by the court of appeal, that the failure of the State Police Commission opinion or the record to affirmatively state that the Commission either listened to the audio tapes or read the transcripts prior to rendering its decision violated his due process rights. See Wells v. Dept. of Corrections, 417 So.2d 377 (La.App. 1st Cir.), writ denied, 420 So.2d 983 (La.1982).
[4] Article 10 § 12(A) of the Louisiana Constitution, as amended by Louisiana Acts 1982 No. 883 § 1, speaks to appeals to the State Civil Service Commission and presently provides in pertinent part:

The State Civil Service Commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths. It may appoint a referee, with subpoena power and power to administer oaths, to take testimony, hear, and decide removal and disciplinary cases. The decision of a referee is subject to review by the commission on any question of law or fact upon the filing of an application for review with the commission within fifteen calendar days after the decision of the referee is rendered....
(emphasis added).
[5] At the September hearing, Lott's attorney objected to the fact that the testimony was not going to be heard by a quorum of the State Police Commission for purposes of making credibility determinations. Specifically, Lott's attorney argued, "I don't have a problem with [a referee] hearing the case. I just want whoever is going to make the decision to hear the case."
[6] In the court of appeal, Lott raised nine assignments of error. Assignments of error one through three dealt with the due process argument discussed in this opinion. The yet unresolved issues include: (1) Lott's alternative argument that he was denied due process because the Commission failed to state in its opinion that it had listened to the audio tapes and/or read the transcript of the proceedings prior to rendering its decision; (2) Assignment of error number four urging that the Commission erred in admitting the results of Lott's polygraph test; (3) Assignment of error number five urging that the Commission erred in finding that the Office of State Police established sufficient cause for Lott's termination; (4) Assignment of error number six urging that the Commission erred in concluding that Lott was the author of all six of the letters; (5) Assignment of error number seven urging that the Commission erred in finding that, if Lott did write the letters, he had a constitutionally protected right of free speech; and (6) Assignments of error numbers eight and nine urging that Lott had a constitutionally protected free speech right to author or cause to be authored the "Sammy Stone" and "Wade Robinson" letters.