1PER CURIAM.
The Civil Service Commission (hereinafter the “Commission”) erred when it dismissed the appeal of the Appellant, Officer Jonathan Carroll. The Commission ruled on July 15, 2002 that Officer Carroll did not have a right to an appeal because of his length of employment with that force, concluding that he was classified as a probationary officer. Officer Carroll was terminated from the New Orleans Police Department on September 20, 2001, for testing positive for marijuana through a urine sample. Both the New Orleans Police Department (hereinafter the “NOPD”) and Officer Carroll stipulated at trial that the drug test was a false positive and proved to be erroneous as to Officer Carroll. Thereafter, the Commission concluded:
The Appointing Authority has failed to establish by a preponderance of the evidence that the Appellant had marijuana in his system ... the appeal would be granted but for the fact that the Appellant does not does not have a right to an appeal because of his probationary status.
A review of the record reveals that the NOPD did not put forth any evidence at trial as to the probationary status of Officer Carroll. Louisiana Constitution Art. X § 8(a) states that the burden of proof on appeal, as to the facts, shall be on the appointing authority. The Notice of Appeal within the record containing | ¡¿handwritten dates is not enough to establish evidence of Officer Carroll’s employment status. For these reasons, the judgment of the Commission is reversed and Officer Carroll is ordered to be reinstated to his original position prior to any discipline action taken by the New Orleans Police Department. Further, Officer Carroll is granted any back pay from the date of his original suspension through the date of reinstatement and all costs and attorney fees associated with this matter.

REVERSED.