J^EDWIN A. LOMBARD, Judge.

RELEVANT FACTS AND PROCEDURAL HISTORY

Jonathan Carroll joined the New Orleans Police Department (“NOPD”) on October 29, 2000 under the rank Police Officer One. Carroll was terminated on September 20, 2001 based on a positive result for drugs from a urinalysis. This test was later shown to be a false positive.
Officer Carroll appealed his termination to the New Orleans Civil Service Commission (“CSC” or “Commission”), who found that he was a probationary employee and, thus, could not appeal his termination. Officer Carroll appealed that decision to this Court, which, on March 26, 2003 reversed the judgment of the Commission, and found that he was wrongfully terminated. Additionally, this Court ordered Officer Carroll to be reinstated to his original position with the NOPD and granted appellant back pay from the date of his suspension through the date of his reinstatement, plus “all costs and attorney fees associated with this matter.”
Subsequently Officer Carroll filed a Motion to Enforce Judgment with the Civil Service Commission on November 4, 2003. In the motion, appellant asked | gthat he be awarded back pay at the rate of sergeant, overtime pay, all costs associated with his case, and attorney fees. The Commission set the matter for hearing on November 17, 2003. At that hearing, counsel for the appointing authority notified the Commission that the City of New Orleans was ready to reinstate Carroll. The appointing authority disputed the monetary amounts claimed in the Motion to Enforce. The Commission then continued the hearing until December 15, 2003 and ordered counsel to submit quantum memoranda.
On December 3, 2003, Officer Carroll agreed to return to the NOPD on December 8, 2003. Carroll moved to St. Bernard Parish after being terminated by the NOPD and he requested a two-week grace period to re-establish his residency in Orleans Parish.
At the hearing on December 15, 2003 counsel argued concerning the amounts to be awarded for the back pay claims, overtime, sergeant’s pay, as well as costs and attorney fees. The Commission ruled that: (1) the reinstatement issue was moot because Officer Carroll had been reinstated to his former position; (2) Officer Carroll was owed back pay minus the “applicable offset” to the appointing authority; (3) the claim for overtime pay would be granted upon a showing of reasonable certainty that Officer Carroll would have been required to work the claimed overtime during the subject period; (4) all filing fees and expert costs, including testing, were owed to appellant, but other costs were denied; and (5) attorney fees of $1,500.00 were owed appellant. This appeal followed.
| STANDARD OF REVIEW
A reviewing court should apply the clearly wrong or manifest error rule prescribed -generally for appellate review in deciding whether to affirm Civil Service Commission’s findings. LSA-Const. Art. 10, § 12, See also Goins v. Dept. of Police, 89-1243 (La.App. 4 Cir. 10/30/90), 570 So.2d 93.

ASSIGNMENTS OF ERROR

Appellant asserts that the Commission erred in: (1) granting a credit to off set *639 wages earned during his wrongful termination; (2) not granting him sergeant’s pay; (3) awarding attorney fees in the amount of $1,500.00; and, (4) allowing appointing authority to present memorandums and arguments, not previously briefed or argued, at the hearing held on December 15, 2003.

LAW AND DISCUSSION

The law is well settled as to whether an appointing authority is entitled to receive a credit, or offset, for wages earned by the employee during his or her period of separation, even where that discharge is later found to be wrongful. Civil Service Commission Rule II, Section 11.1 states:
In all appeals to the Commission under these Rules wherein a final judgment has been rendered ... immediate steps shall be taken by the City to fully comply with the judgment, [sic] This restoration shall include, where appropriate, reimbursement for all back wages and emoluments due and accrued annual and/or sick leave, less an offset for any wages earned during the period for which back pay was restored.
La.Rev.Stat. Ann. § 49:113 provides:
Employees in the state or city civil service, who have been illegally discharged from them employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of |4illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation.
This Court has recently addressed this issue and ruled that an illegally discharged city employee is entitled to back pay, minus a credit for all monies received by the employee from other employment during his separation from the City. See Perkins v. Sewerage and Water Board, 95-1031 (La.App. 4 Cir. 2/29/96), 669 So.2d 726, 730. Appellant’s argument is without merit.
Officer Carroll asserts that he would have been promoted to the rank of sergeant had he not been wrongfully terminated and, thus, should be compensated at that heightened rate for some of the subject period.
Officer Carroll’s three-year anniversary of service with the NOPD was October 29, 2003. He was reinstated on December 8, 2003, approximately six weeks later. Although Officer Carroll met the length of service requirement for promotion to sergeant, there was no evidence of an opening in the ranks, that he would have taken and passed the sergeant’s exam, or that he would have been selected for the position. There is no basis in fact that the series of events outlined above would have happened. Therefore, this assignment of error lacks merit.
As for the Appellant’s claim for overtime, the Commission stated: “Concerning the appellant’s claim for overtime, such payment shall be granted upon a showing of reasonable certainty that he would have been required to work overtime during the period for which back pay and benefits are to be restored.” The Commission correctly placed the burden on Officer Carroll to establish his claim, but the record does not reflect where he was given a return date on the issue of overtime. Accordingly, the issue of overtime is remanded to the Commission to | sallow Officer Carroll an opportunity to show with reasonable certainty that he would have been required to work overtime.
This Court’s March 26, 2003 judgment awarded “all costs and attorney fees associated with this matter.” The Commission, however, in its reason for judgment, *640 stated: “All filing fees and expert costs, including testing, shall be paid to appellant. All other costs are denied. Absent finding a figure of attorney’s fees in the Fourth Circuit Court of Appeal’s decision, the Commission in its discretion awards $1,500.00.”
Considering this Court’s previous judgment, we find the Commission’s award of $1,500.00 to be manifestly erroneous. The Commission abused its discretion in failing to award “all costs and fees associated with this matter” as specified by this Court. The record reflects that Appellant submitted a detailed descriptive list of the number of hours worked and costs incurred in resolving this matter. We find that the fees correspond with the amount of work and effort that has been put forth over three years, including multiple motion hearings and two appeals and award $39,286.57 in costs and attorney fees.
Carroll’s argument that the Commission erred in allowing the appointing authority to present memorandums and arguments, not previously briefed or argued at any hearing, prior to December 15, 2003 is without merit. Louisiana District Court Rule 9.9(b) states:
A party who opposes an exception or motion must concurrently furnish the trial judge and serve on all other parties an opposition memorandum at least eight calendar days before the scheduled hearing. The opposition memorandum must be served on all parties so that it is received by the other parties at least eight calendar days before the hearing, unless the court sets a shorter time.
LWhen the November 17th hearing was reset to December 15th, the Commission ordered additional briefs to be submitted to consider the quantum issues. The record does not reflect where either party submitted briefs or memoranda for the November hearing, but the record does reflect where the City filed its quantum memorandum on December 4, 2003, eleven calendar days before the hearing.
For the foregoing reasons, we affirm in part, amend in part, and remand this matter for further proceedings.
AFFIRMED IN PART; AMENDED IN PART; REMANDED
KIRBY, J. concurs for the reasons assigned by Judge Cannizzaro.
CANNIZZARO, J., concurs with reasons.
KIRBY, J., concurs for the reasons assigned by Judge CANNIZZARO.