PATRICIA RIVET MURRAY, Judge.
_jjThis is the third appeal by the plaintiff, Jonathan Carroll, in this civil service case. On his first appeal, we found that the New Orleans Police Department (“NOPD”) wrongfully terminated him from his job as a police officer. We ordered that he be granted back pay from the date of his suspension through the date of his reinstatement and awarded him all costs and attorney’s fees. Carroll v. City of New Orleans Police Dep’t, 02-2230 (La.App. 4 Cir. 3/26/03), 844 So.2d 148.
On his second appeal, we affirmed the Civil Service Commission’s finding that Officer Carroll was owed back pay less the applicable offset to the Appointing Authority (the NOPD) for all monies Officer Carroll received from other employment during his separation from the NOPD. We also affirmed the Commission’s denial of Officer Carroll’s claim for. sergeant’s pay. We remanded the issue of overtime to the Commission. Finally, we awarded Officer Carroll $39,286.57 in costs and attorney’s fees. Carroll v. City of New Orleans Police Dep’t, 04-0122 (La.App. 4 Cir. 9/29/04), 885 So.2d 636.
On remand, the parties reached a settlement on the issues of back pay, offset, and overtime. At the June 7, 2005 hearing before the Commission, the parties agreed on the record that Officer Carroll was entitled to $4,000 in overtime, that |2the *676 NOPD was entitled to an offset of $45,863.07, and that Officer Carroll was entitled to back pay of $68,906.51.
On February 2, 2006, the Finance Department of the City of New Orleans issued a check to Officer Carroll in the net amount of $19,020.80, which was calculated as follows:
Gross amount of back pay $ 68,821.6s[1]
Offset amount - 41,863.07[2]
Pension Deduction - 5,961.59
Federal Tax Deduction - 10,290.81
State Tax Deduction - 1,805.98
Medical .Tax Deduction - 545.56
’Net Amount of Check $ 19,020.80
Claiming the deductions for employment withholding taxes (federal, state, and medical taxes) and retirement (pension) were improperly taken, Officer Carroll filed a Motion to Enforce Judgment. On April 17, 2006, the Commission denied that motion. This appeal followed.
On appeal, Mr. Carroll asserts the following four assignments of error:
1. The Commission erred in not awarding him the full amount of the settlement to which the parties agreed;
2. - The Commission failed to recognize that a consent judgment is binding once placed on the record;
3. The NOPD failed to replenish Officer Carroll’s retirement benefits even though they were ordered to do so by this Court; and
4. The NOPD erred in deducting funds from Officer Carroll’s settlement check that were not agreed to by the parties.
IsThe gist of Officer Carroll’s assignments of error is that the NOPD erroneously took deductions from his back pay that were not agreed to by the parties. He disputes two. categories of deductions: (i) the three deductions for employment withholding taxes, which total $12,642.35; and (ii) the retirement (pension) deduction for $5,961.59. He thus seeks an additional award of $18,603.94. He also seeks attorney’s fees and costs for this appeal.
The NOPD counters that the Finance Department takes similar deductions from all paychecks it issues to NOPD officers. In support, the NOPD relies on an affidavit from its personnel director, Stephanie Landry, who attested to the following:
• The purpose of giving back pay to a wrongfully discharged NOPD officer is to put that officer in a position identical to the position the officer would have been in had the officer been employed during the time of discharge.
• All NOPD officers are required to contribute a percentage of their salary to the Municipal Police Employees’ Retirement System (“MPERS”).
• Federal and state taxes are deducted from the salaries of all NOPD officers based on W-4 tax forms computed by employees when hired.
The NOPD argues that back pay constitutes retroactive wages and that it thus was legally required to withhold employment taxes. It further argues that the pension deduction it took was for the personal pension contribution that Officer Carroll, as a participating MPERS mem *677 ber, is required to make. The NOPD thus contends that it complied with the terms of the settlement agreement by issuing the check for the net amount. Because it complied with the agreement, the NOPD contends that attorney’s fees are not warranted. The NOPD also contends that it is entitled to frivolous appeal damages.
In resolving the issues presented, we turn first to the Louisiana Civil Code articles on transaction or compromise. Addressing the scope of a compromise | ¿agreement, the articles provide that such agreements “regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed.” La. C.C. art. 3073. In this case, we find that the deductions at issue for employment withholding taxes and MPERS are the necessary consequence of the expressed agreement regarding the payment of back pay to an NOPD officer who is a participating MPERS member.
Back pay is a form of wages. Social Sec. Bd. v. Nierotko, 327 U.S. 358, 66 S.Ct. 637, 90 L.Ed. 718 (1946)(holding that for Social Security purposes back pay awards are a form of wages); see also Amalgamated Transit Union Local v. NJ Transit Bus Operations, Inc., 385 N.J.Super. 298, 897 A.2d 357 (2006)(citing Nierotko and holding that an employer could deduct taxes from an arbitration award of back pay). Indeed, a back pay award is defined as “[a] judicial or quasi-judicial body’s decision that an employee or ex-employee is entitled to accrued but uncollected wages or benefits.” Bryan A. Garner, Black’s Law Dictionary 148 (8th ed.2004). Under both federal and Louisiana law, an employer is required to withhold certain employment taxes from the wages it pays its employees, and an employer may be penalized for failing to do so. See 26 U.S.C.A. § 3402; La. R.S. 47:112. Because a back pay award is a form of wages, a necessary consequence of an agreement to pay back pay is that deductions can be taken for appropriate state and federal employment withholding taxes.
Turning to the MPERS deduction, it is undisputed that Officer Carroll is a participating MPERS member. Under the terms of the MPERS Member Handbook, an employee’s required contribution is defined as “7.50% of earnable compensation.” Earnable compensation is defined to exclude overtime, but to |5include regular base salary, state supplemental pay, millage and tenure pay, longevity pay, and salary paid during a period while on sick leave or vacation. Given that a back pay award is a form of wages, it is earnable compensation. The NOPD thus' did not err in taking the pension deduction for Officer Carroll’s personal contribution to MPERS.
Summarizing, we find that the deductions at issue, albeit not expressly stated as part of the settlement agreement, are a necessary consequence of the agreement and that the deductions thus are proper. La. C.C. art. 3073. In light of our finding that the deductions are proper, Officer Carroll is not entitled to attorney’s fees or costs. The NOPD’s claim for frivolous appeal damages is procedurally barred because it failed to file an answer to Officer Carroll’s appeal. La. C.C.P. art. 2133 (providing that an appellee must file an answer to the appeal in order to demand damages against the appellant).

DECREE

For the foregoing reasons, the Civil Service Commission’s decision is affirmed.
AFFIRMED.

. Although at the hearing the amount of back pay was stated to be $68,906.51, it was agreed that "these are the best possible numbers” that could be calculated and that "Finance, who cuts the actual checks,” would make its own independent calculation, which "may be off $ 100 either way.” When Finance cut the check, it calculated the back pay due to be $68,821.68. The difference between these amounts ($68,906.51 and $68,821.68) of $84.83 is not disputed.

. The overtime pay that was agreed to by the parties of $4,000 was deducted from the offset amount.