**BREJEAN BALANCIER**       *       NO. 2024-CA-0154

**VERSUS**                  *

                            **COURT OF APPEAL**

**SEWERAGE & WATER**        *
**BOARD OF NEW ORLEANS**            **FOURTH CIRCUIT**

                            *

                            **STATE OF LOUISIANA**

* * * * * * *

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 9102
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Nakisha Ervin-Knott)

Michael G Bagneris
BAGNERIS PIEKSEN & ASSOCIATES, LLC
935 Gravier Street, Suite 2110
New Orleans, LA 70112


COUNSEL FOR PLAINTIFF/APPELLEE


Ashley Ian Smith
Darryl Harrison
Yolanda Y. Grinstead
SEWERAGE AND WATER BOARD OF NEW ORLEANS
625 St. Joseph Street
Room 201
New Orleans, LA 70165


COUNSEL FOR DEFENDANT/APPELLANT

**JUDGMENT VACATED AND REMANDED**

**SEPTEMBER 23, 2024**

In this civil service matter, the Sewerage and Water Board of New Orleans ("S&WB") appeals a judgment issued by the Civil Service Commission for the City of New Orleans ("the Commission") on December 13, 2023 ordering S&WB to recalculate back pay and emoluments owed to the plaintiff, Brejean Balancier. For the reasons that follow, we vacate the Commission's judgment and remand the matter to the Commission for further proceedings consistent with this opinion.

**BACKGROUND**

This case arises out of S&WB's termination of Ms. Balancier.[1] Ms. Balancier was hired by S&WB in February of 2019. She was terminated approximately ten (10) months later on October 25, 2019.

Ms. Balancier appealed her termination to the Commission alleging discrimination and retaliation for reporting what she believed to be illegal activity. The Commission granted Ms. Balancier's appeal, finding that she was terminated for reporting what she believed to be fraudulent/potentially illegal activities in her department. The Commission ordered that Ms. Balancier be reinstated to her

---

[1] Ms. Balancier was a probationary employee at the time of her termination.

1

position with all back pay and emoluments of employment from October 25, 2019 to the date of judgment. Following the Commission's denial of S&WB's motion for reconsideration, it appealed to this Court. On October 19, 2022, this Court affirmed the Commission's judgment. *Balancier v. Sewerage and Water Bd. of New Orleans*, 22-0255 (La. App. 4 Cir. 10/19/22), 351 So.3d 439.

The parties could not reach an agreement as to the amount of back pay and emoluments of employment owed by S&WB to Ms. Balancier. The parties' disagreement revolved around whether the monies earned by Ms. Balancier as an independent contractor should be considered wages or salary earned by Ms. Balancier in private employment and whether the amount of back pay owed to her by S&WB should be offset by the monies she earned as an independent contractor. On August 31, 2023, S&WB made payment to Ms. Balancier in the gross amount of $75,691.97.

On September 6, 2023, Ms. Balancier raised objection to S&WB's calculations, motioning the Commission to determine the amounts due to her in back pay and emoluments. The parties appeared before the Commission on November 13, 2023 and presented their arguments. On December 13, 2023, the Commission issued a written order ruling: (1) Ms. Balancier was not entitled to additional back pay for the period between January 24, 2021, when its judgment became final, and October 19, 2021, when this Court issued its judgment; (2) Ms. Balancier was entitled to the applicable longevity pay increases that were not included in the back pay calculation; (3) S&WB was not entitled to credit or offset

2

for the income Ms. Balancier received as an independent contractor; and (4) Ms. Balancier should produce proof (within 10 days) and would be entitled to be reimbursed for privately procured health insurance premiums she paid between October 25, 2019 to January 25, 2022. S&WB now appeals from this judgment.

**DISCUSSION**

On appeal, S&WB raises the following assignments of error: (1) the Commission erred when it determined that S&WB was not entitled to a credit for Ms. Balancier's earnings as an independent contractor when calculating the back pay due; (2) the Commission erred in ruling on Ms. Balancier's request without the legally mandated quorum and in violation of its own rules to conduct business and appeals; and (3) the Commission erred when it granted the appeal of Ms. Balancier based on her claims of whistleblower status and retaliation, beyond the scope of its constitutionally granted jurisdiction.

In a civil service case, a "multifaceted" standard of review applies. *McMasters v. Dep't of Police*, 13-0348, p. 9 (La. App. 4 Cir. 5/15/15), 172 So.3d 105, 113 (citing *Walters v. Dep't of Police*, 454 So.2d 106, 113-14 (La. 1984)). "[T]he review by appellate courts of factual findings in a civil service case is governed by the manifest error or clearly erroneous standard." *Banks v. New Orleans Police Dep't*, 01-0859, p. 3 (La. App. 4 Cir. 9/25/02), 829 So.2d 511, 513-14; *See also Stern v. New Orleans City Planning Comm'n*, 03-0817, pp. 5-6 (La. App. 4 Cir. 9/17/03), 859 So.2d 696, 699-700; *Russell v. Mosquito Control Bd.*, 06-0346, pp. 7-8 (La. App. 4 Cir. 9/27/06), 941 So.2d 634, 639-40. "[W]hen the

3

Commission's decision involves jurisdiction, procedure, and interpretation of laws or regulations, judicial review is not limited to the arbitrary, capricious, or abuse of discretion standard." *Id.* "Instead, on legal issues, appellate courts give no special weight to the findings of the trial court but exercise their constitutional duty to review questions of law and render judgment on the record." *Id.* "A legal error occurs when a trial court applies the incorrect principles of law, and such errors are prejudicial." *Id.* "[A] mixed question of fact and law should be accorded great deference by appellate courts under the manifest error standard of review." *Id.*

La. R.S. 49:113 states: "Employees in the state or city civil service, who have been illegally discharged from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation." Civil Service Rule II, § 11.1 provides that "restoration shall include, where appropriate, reimbursement for all back wages and emoluments due and accrued annual and/or sick leave, less an offset for any wages earned during the period for which back pay was restored." "In considering La. R.S. 49:113, this Court has consistently held that an illegally discharged city employee is entitled to back pay, minus a credit for all monies received by the employee from other employment during his separation from the City." *Perry v. Dep't of Law*, 17-0787, p. 6 (La. App. 4 Cir. 4/4/18), 243 So.3d 118, 122; *see also Carroll v. New Orleans Police Dep't*, 04 -0122, p. 4 (La. App. 4

Cir. 9/29/04), 885 So.2d 636, 639; *Perkins v. Sewerage and Water Bd.*, 95-1031 (La. App. 4 Cir. 2/29/96), 669 So.2d 726, 730.

In support of its ruling, the Commission cites to *Adams v. Dep't of Police*, 16-0146 (La. App. 4 Cir. 8/10/16), 198 So.3d 257 and *Alongi v. Dep't of Police*, 480 So.2d 1001 (La. App. 4th Cir. 1985). Those cases not only stand for the proposition that La. R.S. 49:113 must be strictly construed. They also specifically hold that back pay due to a wrongfully discharged employee cannot be offset by sums the employee received as unemployment compensation.[2] As such, *Adams* and *Alongi* are clearly distinguishable from the instant case where Ms. Balancier earned income as a "gig worker" or independent contractor "with several stores to deliver groceries and other assorted products" and not from unemployment compensation.

In reasoning that "monies earned as an independent contractor are not wages or salaries from private employment," the Commission also cited to 26 U.S.C. § 3401. That statute, however, falls under the Internal Revenue Code and provides guidance to employers for the taxes they are required to withhold from wages paid to employees. Such a definition of wages or salaries for the purpose of determining employer deductions is not relevant or authoritative under the circumstances of this case. Accordingly, we find no support for the Commission's determination that S&WB is not entitled to a credit for Ms. Balancier's earnings as

---

[2] Also, in *Serpas v. Dep't of Police*, 529 So.2d 138, 139 (La. App. 4th Cir. 1988), this Court stated: "R.S. 49:113, which authorizes the appointing authority to set off wages and salaries earned by an employee in private employment in a period of separation against the amount of back pay due him when he is found to have been wrongfully discharged, does not authorize set off of unemployment compensation."

5

an independent contractor. The Commission's finding is contrary to both the law and jurisprudence.

We now turn our attention to the issue of whether the Commission had a quorum and the authority to issue a ruling in this matter. The Commission is constitutionally "vested with broad and general rulemaking and subpoena powers for the administrative and regulation of the classified service . . ." La. Const. art. X, § 10(A)(1)(a). The Commission also has the exclusive power and authority to hear and decide all removal and disciplinary cases. La. Const. art. X, § 12(B). The Commission is mandated as follows:

> A city civil service commission shall exist in each city having a population exceeding four hundred thousand. The domicile of each commission shall be in the city it serves. Each commission shall be composed of five members, who are electors of the city, three of whom shall constitute a quorum.

La. Const. art. X, § 4(A).

The Commission's own rules state:

> The Commission shall be composed of five members, all of whom are electors of the City, three of whom shall constitute a quorum for the transaction of business and appeals. The findings of a majority of such quorum shall control.

Civil Service Rule II, §1.1.

The First Circuit reversed and remanded a decision of the state civil service commission where several of the commissioners who heard and voted on a disciplinary action were no longer in office when the decision was rendered. *Johnson v. Louisiana State Univ.*, 418 So.2d 667, 668-69 (La. App. 1st Cir. 1982).

6

The Court reasoned that when the decision was rendered, a legal quorum no longer existed. *Id.*

In the instant case, the Commission initially had a quorum of three commissioners when it met on November 13, 2023.  However, one of the three commissioners recused himself from the proceedings.  Upon his recusal, only two commissioners were left on the panel and the required quorum for the purpose of transacting business and hearing appeals no longer existed.  Accordingly, under both La. Const. art. X, § 4(A) and Civil Service Rule II, § 1.1, the Commission lacked the authority to issue its December 13, 2023 ruling.  As such, the judgment is not valid.

S&WB's third assignment of error, concerning whether Ms. Balancier's appeal based on her claims of whistleblower status and retaliation were beyond the scope of the Commission's constitutionally granted jurisdiction, is not now properly before this Court.

**CONCLUSION**

For the above and foregoing reasons, the Commission's December 13, 2023 judgment is vacated as invalid.  Furthermore, this matter is remanded to the Civil Service Commission for further proceedings consistent with this opinion.

**JUDGMENT VACATED AND REMANDED**